691 So.2d 296 (1997)
Jerome ADAMS
v.
CAJUN DISPOSAL, INC. and Louisiana Employers' Safety Assoc.
No. 96 CA 1304.
Court of Appeal of Louisiana, First Circuit.
March 27, 1997.
Kerry E. Shields and Lester J. Waldmann, Gretna, for Plaintiff-Appellant.
Thomas M. Ruli and Denis Paul Juge, Metairie, for Defendants-Appellees.
Before WATKINS, SHORTESS and CARTER, JJ.
SHORTESS, Judge.
Jerome Adams (plaintiff) injured his back on June 13, 1986, while in the course and scope of his employment with Cajun Disposal, Inc. He filed suit in Terrebonne Parish.[1] After a trial on the merits in mid-1988 in which both the duration of plaintiff's disability and the cause of the accident were hotly contested, the trial court ruled in plaintiff's favor in written reasons, finding he was temporarily totally disabled from June 13, 1986, through July 31, 1987, and awarding workers' compensation benefits for that period plus accrued medical expenses. The trial court rendered judgment in accordance with the written reasons in the sum of $19,305.74 on April 3, 1989. In September 1990 the Louisiana Employers Safety Association Self-Insurers' Fund (Employers Safety) issued a check to plaintiff in payment of the judgment. No further workers' compensation payments have been made to plaintiff.
In May 1995, almost five years after the judgment was paid, plaintiff filed a claim against Cajun Disposal, Inc., and Employers Safety[2] (defendants) with the Office of Workers' Compensation. His claim form states he is seeking "modification of previous judgment finding temporary total disability." Defendants filed an exception of prescription, which was granted by the hearing officer. Plaintiff appeals.

APPLICABLE LAW
The sole issue in this case is whether the prescriptive period found in Louisiana Revised Statute 23:1209 is applicable to an action to modify a judgment awarding workers' compensation benefits. Both Revised Statute 23:1209 and the statute governing modification of a workers' compensation judgment have been amended since plaintiff's accident.
*297 We must first determine the law applicable under the facts of this case.
The oft-amended Louisiana workers' compensation statutes are subject to the general rule that the substantive law in effect at the time of the plaintiff's injury is controlling.[3] Procedural laws, however, apply either prospectively or retroactively, absent contrary legislative expression.[4] When plaintiff was injured in 1986, modification of workers' compensation judgments was governed by the 1983 version of Revised Statute 23:1331. That statute provided for modification of a compensation judgment by agreement of all parties with approval of the director of the office of workers' compensation administration or, if the director refused, with approval of a district judge. The statute permitted either party to apply for modification at "any time after six months after rendition of a judgment."
Revised Statute 23:1331 was repealed effective January 1, 1990.[5] It was replaced with Revised Statute 23:1310.8.[6] That statute vests the workers' compensation hearing officers with continuing jurisdiction over "former findings or orders relating thereto" and permits modification of those findings and orders upon the application of any party in interest "on the ground of a change in conditions." Act 938 of 1988, which created Revised Statute 23:1310.8 and made procedural changes to many other workers' compensation statutes, specifically provides that the procedures set forth in that act apply to all compensation claims arising from injuries occurring between July 1, 1983, and June 30, 1989.[7] Thus, the law applicable to plaintiff's claim for modification of the judgment is Revised Statute 23:1310.8.
Revised Statute 23:1209 has not changed significantly since 1986. Act 938 of 1988 added subsection D, which provides for dismissal for want of prosecution, but subsection A, which provides the prescriptive period for workers' compensation cases, has not been amended since 1986. That subsection provides in pertinent part:
In case of personal injury, ... all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed.... Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment....

DOES REVISED STATUTE 22:1209(A) APPLY TO AN ACTION TO MODIFY A JUDGMENT?

Plaintiff's Contentions:
Plaintiff contends the above-quoted statute does not apply to an action to modify a judgment. Instead, he argues that the lack of a prescriptive period in Revised Statute 23:1310.8 evinces legislative intent to allow a claimant unlimited time to seek modification of a judgment. Plaintiff contends employers' and insurers' rights to have a judgment modified exist "virtually into perpetuity"; he submits claimants should have the same right. He also argues the phrase "such payments" in the prescriptive statute refers only to voluntary or agreed-upon payments and not those made pursuant to a judgment. Finally, plaintiff suggests his position is supported by the supreme court's language in Bordelon v. *298 Vulcan Materials Company[8] and the third circuit's holding in Townsend v. PPG Industries.[9]

Defendants' Contentions:
Defendants contend the workers' compensation act is a "symmetrical whole," citing the supreme court's language in Landreneau v. Liberty Mutual Insurance Company,[10] and thus the prescription statute must be applied to modification of judgments. Defendants also cite the fourth circuit case of Schultz v. Katz and Besthoff,[11] which states that as a general rule the prescriptive period of Revised Statute 23:1209 applies to an action for modification of judgment. Defendants dispute plaintiff's claim that the employer and insurer have unlimited time to seek modification and contend they are also governed by Revised Statute 23:1209. They also dispute plaintiff's contention that "such payments" refers only to voluntary payments, arguing that such interpretation would encourage litigation by giving a greater right to seek modification to claimants who choose to litigate than to those who reach an amicable agreement with their employer and insurer. Finally, defendants suggest that the language in Bordelon is dicta and that Townsend is simply wrong.

Our Interpretation
Plaintiff argues that because 23:1310.8 contains no prescriptive period, we must assume the legislature intended for workers to have an unlimited period to seek modification of a judgment. However, many, if not most, of our statutes creating a right of action contain no prescriptive period. Instead, the prescriptive period is determined by reference to other statutes. For example, to determine the prescriptive period for an action in tort under Louisiana Civil Code article 2315, one must look to Civil Code article 3492. Revised Statute 23:1031, which sets forth a worker's right of action in workers' compensation, contains no prescriptive period; one must refer to 23:1209(A).
In interpreting former Revised Statute 23:1331, the supreme court stated in Landreneau that the compensation act is a symmetrical whole. While plaintiff is correct that this language was dicta, it accords with Civil Code article 13, which states that laws on the same subject matter must be interpreted in reference to each other. Thus, we must interpret Revised Statute 23:1209(A) in reference to the entirety of the workers' compensation act.
Revised Statute 23:1209(A) refers to a one-year limitation "[w]here such payments have been made in any case...." (Emphasis added.) The statute contains no language restricting its application to initial claims. The Landreneau court interpreted 23:1209 as protecting employers from stale claims, including claims for modification under 23:1331 (now 23:1310.8). We agree that the purpose of 23:1209 is to protect employers from stale claims, whether initial claims or subsequent attempts at modification.
We find no support for plaintiff's contention that employers have greater rights to seek modification than workers. Employers' and insurers' rights to seek modification of compensation judgments are also governed by 23:1209. They have a right to seek modification "virtually into perpetuity," as plaintiff suggests, only if they make payments "virtually into perpetuity."
We have reviewed the jurisprudence cited by the parties and more recent jurisprudence not noted in the appellate briefs. The language in Bordelon that a compensation judgment may be modified at any time six months after its rendition was a quotation from 23:1331, which required an employer to wait six months after a judgment was rendered before seeking modification. It had nothing to do with the issue of prescription.
Townsend, upon which plaintiff relies, is distinguishable on its facts. The employer paid Townsend after judgment was rendered, and plaintiff executed a satisfaction of judgment. The trial court dismissed Townsend's *299 suit for modification as prescribed. The third circuit reversed, but it noted the trial court's conclusion would have been justified had plaintiff not alleged a change in a disability which arose before the 1983 amendments became effective.[12] Plaintiff herein had no change of disability before the 1983 amendments; he was not injured until 1986.
The most recent case on the issue of prescription of actions for modification is Montgomery v. Lafayette Parish School Board.[13] In that case, a five-judge panel of the third circuit divided sharply on this issue. The majority held that 23:1209(D), the five-year abandonment provision, applied (even though the statute was not in effect at the time of Montgomery's injury) and gave plaintiff five years to seek modification. As an alternative holding, the majority cited Townsend for the proposition that 23:1209 does not apply to an action for modification. Two judges dissented, stating Montgomery's claim prescribed one year after the date of the last benefit payment.
We are aware that the workers' compensation laws are to be liberally interpreted in favor of the workers.[14] Law that is clear and unambiguous, however, must be applied as written.[15] We believe 23:1209(A) clearly applies to suits for modification of judgment and must be applied as written. So, plaintiff's claim has prescribed, and we affirm the decision of the workers' compensation hearing officer at plaintiff's costs.
AFFIRMED.
NOTES
[1] The suit, styled "Jerome Adams v. Cajun Disposal, Inc.," was docketed as No. 85,329.
[2] Plaintiff incorrectly referred to this defendant as "Louisiana Employers' Safety Assoc." in his claim form.
[3] La. C.C. art. 6; Strange v. Combustion Engineering, 94-0215, pp. 3-4 (La.App. 1st Cir. 12/22/94), 649 So.2d 69, 70-71, and cases cited therein.
[4] La. C.C. art. 6.
[5] Acts 1988, No. 938, § 3.
[6] Added by Acts 1988, No. 938, § 2, effective January 1, 1990; amended by Acts 1989, No. 454, § 9, effective January 1, 1990.
[7] Section 4 of Act 938 provides in pertinent part: "[A]ll claims for any compensation or benefits, other than disputes over the necessity, advisability, or cost of medical treatment, arising from injuries that occurred between July 1, 1983, and June 30, 1989, and which would have had to be presented to the director of the Office of Worker's Compensation Administration for a recommendation under the law in effect prior to this Act, shall be heard and resolved according to the procedures provided for in this Act."
[8] 472 So.2d 5 (La.1985).
[9] 628 So.2d 1204 (La.App. 3d Cir.1993), writ denied, 94-0052 (La.3/18/94), 634 So.2d 852.
[10] 309 So.2d 283, 285 (La.1975).
[11] 499 So.2d 1243,1245 (La.App. 4th Cir.1986), writ denied, 501 So.2d 772 (La.1987).
[12] The court also stated the result might be justified if the satisfaction of judgment evidenced a compromise and settlement between the parties.
[13] 95-1613 (La.App. 3d Cir. 7/3/96), 677 So.2d 162, writ denied, 96-2035 (La.11/8/96), 683 So.2d 274.
[14] Landreneau, 309 So.2d at 284.
[15] La. C.C. art. 9.