JiDECUIR, Judge.
Plaintiff, Bradley Jackson, appeals the judgment of the Office of Workers’ Compensation granting a peremptory exception of res judicata filed by defendant, Iberia Parish Government. Plaintiff contends the hearing officer erred in holding that plaintiff filed a new claim rather than a claim for modification pursuant to La.R.S. 23:1310.8. We affirm.
This case is before this court for the second time. On July 25, 1994, the Office of Workers’ Compensation granted plaintiff weekly benefits for a closed period of disability from July 23, 1992 until December 6, 1993. Defendant satisfied the judgment, and plaintiff executed a satisfaction of judgment on October 24, 1994. Plaintiff subsequently appealed the judgment of July 25, 1994. This court affirmed the hearing officer’s finding that plaintiff was not disabled after December 6, 1993, and thus was not entitled to benefits after that date by opinion rendered on April 5, 1995j2.No. 94-1395. Plaintiffs writ to the Louisiana Supreme Court was subsequently denied, No. 95-C-1136.
In brief, plaintiff contends that though he may have inadvertently filed a new claim for compensation benefits, his claim was actually a request for modification under La. R.S. 23:1310.8 and should be treated as such, and that the hearing officer erred in finding that plaintiff did not seek modification.
We agree with the hearing officer’s conclusion in reasons for judgment that plaintiff attempts to re-litigate his original claim. Plaintiff claims to be disabled as a result of a work-related injury to his lower back on July 23, 1992. Plaintiff admitted at trial that he had lied about previous back injuries and treatment for those injuries. The court-appointed physician testified that plaintiff was not disabled. The hearing officer reviewed all the medical evidence and concluded that plaintiff failed to establish his disability after December 6, 1993. That finding was affirmed by this court and writs were denied by our supreme court.
Plaintiff in his new claim complains that certain medical records were not considered by the hearing officer in the previous trial. In other words, plaintiff by his new claim for benefits attempts to introduce medical records ruled inadmissible in the first trial. This court affirmed the hearing officer’s ruling stating that it was within the discretion of the trial court to exclude those records. Plaintiffs contention that his is not a new claim, but a claim for modification of benefits is without merit. Plaintiff was found not to be disabled after December 6, 1993, and thus not entitled to benefits. Thus, the hearing officer was correct in stating that there are no benefits to modify. A claimant cannot seek modification of a judgment denying further benefits under La.R.S. 23:1310.8 since the statute clearly requires a prior award of compensation. See Matthews v. Farley Industries, 95-1387, 95-1796 (La.2/28/96), 668 So.2d 1144.
| .-¡Thus, the judgment granting defendant’s exception of res judicata is affirmed. Costs of appeal are assessed to plaintiff-appellant.
AFFIRMED.