kKLEES, Judge.
In this workers’ compensation case, the claimant appeals from a judgment of the trial court granting defendants’ exception of prescription. The sole issue presented for our review is whether the prescriptive period found in La. R.S. 23:1209 A applies to an action to modify a judgment awarding workers’ compensation benefits on the basis of a change in disability status.

FACTS

Lonnie Falgout injured his left knee on November 7, 1990 while in the course and scope of his employment with Dealers Truck Equipment Co. Falgout filed a claim for workers’ compensation benefits, and the parties stipulated to weekly benefits in the amount of $282.00 per week. By judgment dated January 22, 1993, the workers’ compensation court determined that claimant had sustained a 26 1/2% anatomical loss of the lower extremities, and therefore found that claimant was entitled to 46 weeks of benefits. A lump sum payment for weekly benefits was made by the employer’s workers’ compensation insurer on January 6, 1994 in the amount of $8,393.01, and the judgment was thereby satisfied.
^Following the entry of this judgment, the claimant continued to experience problems with his knee. He underwent additional arthroscopic surgeries in 1995 and 1996. Additionally, he underwent an osteotomy of his left knee in September of 1996. At this point his disability rating was set at 75% and his medical impairment of the lower extremities was 35%. Mr. Falgout was scheduled for additional surgery on his left knee in October 1997. Defendants provided coverage for each of the surgeries performed on Mr. Falg-out.
In April of 1997, Mr. Falgout filed a 1008 Claim Form requesting indemnity benefits. The form was subsequently amended to seek a modification of the 1993 judgment in accordance with La. R.S. 23:1310.8. Defendants, Dealers Truck Equipment Co., Inc. and Louisiana Insurance Guaranty Association (LIGA)[1], filed an answer to this claim and urged an exception of prescription of Mr. Falgout’s claim. Defendants argued that the claim was untimely filed, and that it should be barred by the provisions of La. R.S. 23:1209 A.
Following a hearing, the workers’ compensation court granted defendants’ exception of prescription. It is from this judgment that claimant now appeals.

THE LAW

The prescriptive period for claims brought under the workers’ compensation statute is *254 contained in La. R.S. 23:1209. La. R.S. 23:1209 A provides:
A. In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim hasjibeen filed as provided in Subsection B of this Section and in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
The claimant contends that this statute is only applicable to initial claims for benefits, and does not apply to a claim for a modification of a prior judgment, as is the case here. Claimant contends that the pertinent statutory provision dealing with modification of pri- or judgment is La. R.S. 23:1310.8. That statute vests the workers’ compensation courts with continuing jurisdiction over “former findings or orders relating thereto” and permits modification of those findings and orders upon the application of any party in interest “on the ground of change in conditions.” Prior to the enactment of La. R.S. 23:1310.8 by Acts 1988, No. 938, § 2, effective January 1, 1990, La. R.S. 23:1331 governed modifications of compensation judgments. Neither La. R.S. 23:1310.8 nor its predecessor, La. R.S. 23:1331, provides a prescriptive period for instituting a claim for modification. DISCUSSION
As authority for its conclusion that La. R.S. 23:1209 A applies to the present claim for modification, the workers’ compensation judge cited Adams v. Cajun Disposal, Inc., 96-1304 (La.App. 1 Cir. 3/27/97), 691 So.2d 296, cert. denied, 97-1106 (La.6/20/97) 695 So.2d 1365. In the Adams case, the worker obtained a judgment of benefits which was satisfied in 1990. Almost five years later, in 1995, the worker filed a claim for modification of the previous judgment based on a change in disability status. The workers’ compensation judge granted defendant’s ^exception of prescription, and the appellate court affirmed this ruling on the basis of the prescriptive period contained in La. R.S. 23:1209 A.
In support of his position that La. R.S. 23:1209 A is not applicable to this case, the claimant cites to two decisions from the Third Circuit which reversed judgments granting exceptions of prescription in suits for modification of benefits. In Townsend v. PPG Industries, Inc., 628 So.2d 1204 (La.App. 3 Cir.1993), writ denied 94-0052 (La.3/18/94), 634 So.2d 852, the appellate court reversed a ruling of the district court granting defendant’s exception of prescription, holding that La. R.S. 23:1209 does not apply to a claim for modification based on a change in disability status.
However, the claims in Toumsend were governed by the now-repealed statute La. R.S. 23:1331 which provided that a compensation judgment may at the request of either party be modified “at any time six months after its rendition” based on a change in disability status of the claimant. La. R.S. 23:1331 was repealed and replaced with La. R.S. 23:1310.8, which became effective on January 1, 1990, prior to the claimant’s injury in this case. La. R.S. 23:1310.8 does not contain language regarding the time period for filing a claim for modification. Thus, we find the holding in Toumsend to be distinguished from the present case.
In Montgomery v. Lafayette Parish School Bd., 95-1613 (La.App. 3 Cir. 7/3/96), 677 So.2d 162, writ denied, 96-2035 (La.11/8/96) 683 So.2d 274, a divided five-judge panel of the Third Circuit reversed the decision of the hearing officer which granted defendant’s exception of prescription. Relying on its previous decision in Toumsend, the court held that *255 La. R.S. 23:1209 does not defeat a claim for modification based on a change in disability. Two judges dissented from the majority, stating that the claim prescribed one year after the date of the last benefit payment pursuant to the provisions of La. R.S. 23:1209.
bin its brief filed in this Court, appellant contends that by the clear' terms of its language, La. R.S. 23:1209 A only applies to initial claims for workers’ compensation benefits and does not apply to claims for modification of benefits. Further, the claimant argues that the phrase “such payments” in the prescriptive statute refers only to voluntary or agreed-upon payments and not to those made pursuant to a judgment. Our review of the statutory provisions fails to indicate that the prescriptive period did not apply to a modification of benefits claimed after the rendition of judgment.
We are mindful that workers’ compensation laws are to be liberally interpreted in favor of the workers. See, Landreneau v. Liberty Mut. Ins. Co., 309 So.2d 283, 284 (La.1975). However, we are not persuaded by appellant’s argument that the legislature intended to allow a claimant unlimited time to pursue a claim for modification of benefits. La. R.S. 23:1209 is the general prescriptive statute which applies to all claims for workers’ compensation benefits. This statute contains no language restricting its application to initial claims. Further, unlike now repealed La. R.S. 23:1331, La. R.S. 23:1310.8 does not contain a provision that allows a modification of judgment to be pursued “at any time.” Rather, La. R.S. 23:1310.8 is silent with regard to the prescription of the claim for modification, and this statute must be read in conjunction with the prescriptive statute, La. R.S. 23:1209. See La. C.C. art. 13.
We agree with the reasoning in the Adams case that the provisions of La. R.S. 23:1209 are clear and unambiguous. We therefore follow the holding of the Adams case which states that 23:1209 A clearly applies to suits for modification of judgment. The final payment of benefits was made to claimant on January 6,1994; the claim for modification of judgment was not brought until April of 1997. [/Thus, claimant’s claim for modification of benefits has prescribed, and we therefore affirm the decision of the workers’ compensation judge.

AFFIRMED.

. LIGA took over handling this matter upon the insolvency of the defendant's workers’ compensation insurer.