732 So.2d 517 (1999)
Bradley JACKSON
v.
IBERIA PARISH GOVERNMENT.
No. 98-C-1810.
Supreme Court of Louisiana.
April 16, 1999.
Rehearing Denied May 14, 1999.
*518 Darrell James Hartman, Abbeville, Counsel for Applicant.
Morris Michael Haik, Jr., Theodore Michael Haik, Jr., Haik & Minvielle, New Iberia, Counsel for Respondent.
CALOGERO, C.J.[*]
We granted certiorari in this case to determine whether res judicata bars an action under LSA-R.S. 23:1310.8 B for modification of a prior judgment awarding workers' compensation benefits when that judgment determined that the worker was no longer disabled at the time of trial and it had been satisfied prior to the time modification was sought. For the following reasons, we hold that res judicata does not bar such a claim. We therefore reverse the judgment of the court of appeal and remand the case to the hearing officer for further proceedings consistent with this opinion.

FACTS AND PROCEDURAL HISTORY
On July 24, 1994, the workers' compensation hearing officer rendered a judgment in favor of the plaintiff, Bradley Jackson, finding that he injured his lower back in an accident which arose out of his employment with the defendant, Iberia Parish Government, on July 23, 1992. Jackson was awarded payment of all medical benefits, medication expenses, disability benefits, and transportation expenses for a closed period of disability extending from July 23, 1992, until December 6, 1993. The judgment recited that Jackson failed to establish that the injury sustained in the July 1992 accident caused him any period *519 of disability after December 6, 1993, and it therefore denied him compensation benefits after that date. The judgment was satisfied by the defendant, and a Satisfaction of Judgment was executed by Jackson on October 24, 1994.
Jackson appealed to the Third Circuit Court of Appeal. That court affirmed the hearing officer's decision that Jackson's disability did not extend past December 6, 1993, and consequently affirmed that he was not entitled to compensation benefits after that date. Jackson v. Iberia Parish Gov't, 94-1395 (La.App. 3 Cir. 4/5/1995), 651 So.2d 992. Jackson sought writs to this Court, and we denied the application. Jackson v. Iberia Parish Gov't, 95-1136 (6/16/95), 655 So.2d 334.
On June 30, 1995, Jackson filed a new disputed claim for compensation with the Office of Worker's Compensation. His second claim did not allege a change in condition but rather that the hearing officer improperly excluded medical records in his original trial.[1] The hearing officer granted the defendant's exception of res judicata determining that Jackson was actually seeking to relitigate his original claim. Going beyond the issue of whether Jackson properly pleaded his cause of action, however, the hearing officer found that even if Jackson had sought modification based on an alleged change in condition, this Court's decision in Lacy v. Employers Mutual Liability Insurance Co. of Wisconsin, 233 La. 712, 98 So.2d 162 (1957), prohibits the re-examination of claims when the trial court has determined that the worker's disability had terminated prior to the original trial.
*520 Jackson appealed to the Third Circuit, which affirmed the judgment of the hearing officer granting the defendant's exception of res judicata. Jackson v. Iberia Parish Government, 96-1711 (La.App. 3 Cir. 4/30/97), 693 So.2d 320. The court of appeal determined that our previous decision in Matthews v. Farley Industries, 95-1387, 95-1796 (La.2/28/96), 668 So.2d 1144, was controlling. The court reasoned that because the original judgment of July 24, 1994, denied Jackson entitlement to benefits after December 6, 1993, Jackson had not received an "award" of compensation which could be modified. Jackson, supra, 96-1711 p. 2, 693 So.2d at 321 (citing Matthews, supra). Jackson did not seek writs to this Court.
On September 17, 1997, Jackson filed a third claim with the Office of Workers' Compensation, this time styled a Motion to Modify Judgment, alleging that his medical condition had worsened. Specifically, Jackson alleged that his condition worsened to the point where bilateral diskectomy surgery is now necessary to prevent irreparable nerve damage, which has manifested itself in symptoms of incontinence. The hearing officer again granted the defendant's exception of res judicata for the reasons found in its prior ruling and those given by the court of appeal. Jackson appealed to the Third Circuit, which again affirmed the hearing officer's ruling. Jackson v. Iberia Parish Gov't, 98-00007 (La.App. 3 Cir. 6/3/98), 717 So.2d 713. Finding itself "constrained" to follow Matthews, supra, the court nevertheless found that Matthews required that Jackson's claim could not be maintained because the initial judgment awarded him compensation benefits for a closed period of disability, the duration of which had ended prior to his original trial. Id. at 3, 668 So.2d at 1145. As such, the court reasoned that Jackson's award was not a "present `award'" of compensation as was contemplated in Matthews. Id. (emphasis added).
We granted certiorari to resolve this legal issue and to determine whether the law, as set forth in our previous decision in Matthews, indeed requires dismissal of the plaintiff's claim. Jackson v. Iberia Parish Gov't, 98-1810 (La.10/30/98), 723 So.2d 966. For the following reasons we hold that Matthews does not control where a plaintiff has been previously adjudged incapacitated by a work related injury and has received an award of compensation for that injury. We further hold that res judicata does not preclude litigation of a claimant's increased or decreased disability in a suit to modify a prior judgment where that judgment determined that the claimant's disability terminated prior to trial and where such judgment has been satisfied.

LEGAL ANALYSIS
Plaintiff argues that his original judgment is an "award" of compensation as was contemplated by this Court's decision in Matthews, supra, and therefore he is not precluded from seeking its modification. He further alleges that res judicata is not a bar to his claim inasmuch as he is presently seeking relief completely different from that which was sought in his 1994 trial and which relief is statutorily sanctioned by Section 1310.8 B.
Defendant responds that Jackson's award was for a closed period of disability, which disability had been judicially determined to have ceased prior to trial. Moreover, that judgment has been fully satisfied. Consequently, defendant urges that there is no "award" to modify within the meaning of LSA-R.S. 23:1310.8 B and plaintiff's claim is barred by res judicata.
At the outset, we note that Matthews does not control the issue presently before us. Matthews held that a plaintiff who has been denied compensation benefits by a judgment has not received an "award" of compensation within the meaning of LSA-R.S. 23:1310.8 B and cannot seek thereafter to modify that judgment.
Section 1310.8 B read then, and still reads, as follows:

*521 B. Upon the application of any party in interest, on the ground of a change in conditions, the hearing officer may, after contradictory hearing, review any award, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in the Workers' Compensation Act, and shall state his conclusions of fact and rulings of law, and the director shall immediately send to the parties a copy of the award.
LSA-RS 23:1310.8B (West 1998).
Matthews determined that the word "award" found in Section 1310.8 B contemplates that the plaintiff has received a judgment awarding compensation. Therefore, a judgment, such as those received by the plaintiffs in Matthews, denying compensation benefits does not produce an "award" subject to review under the statute. In the instant case, however, the plaintiff was judicially determined to have incurred a work-related disability and was awarded compensation for that disability. Therefore, Matthews does not preclude his seeking review of that judgment in accord with Section 1310.8 B.
We find that resolution of this issue can be achieved by examining and applying our prior decisions and the principles of res judicata.
In Harris v. Southern Carbon Co., 189 La. 992, 181 So. 469 (1938), the issue before the Court was the proper construction of Section 20 of Act No. 20 of 1914, the Burke-Roberts Employers' Liability Act, which first granted a claimant the right to modify an award of compensation.[2] The plaintiff received a judgment awarding him full compensation benefits for a specific loss, the use of his foot, for which the Workers' Compensation Act limited recovery to 125 weeks. He later petitioned the court for modification alleging a worsening of his condition and sought total disability benefits not to exceed 400 weeks. The defendant argued that the modification provision had no application where the extent of the disability had been finally adjudicated and therefore urged that res judicata barred the plaintiff's second claim. The Court found that while the exception of res judicata would preclude the plaintiff's claim in an "ordinary" lawsuit, res judicata did not preclude the plaintiff from seeking general disability compensation on the ground that the resultant disability had increased, because the workmen's compensation statute in enacting the modification statute had expressly created an exception to this general rule. Id. at 473.
Some time later, in Lacy, supra, this Court was presented with a factual situation identical to the one in the instant case. The plaintiff received a judgment on December 21, 1955, awarding him workers' compensation benefits for a period of twenty-one weeks beginning on June 10, 1954. As in the instant case, the plaintiff's disability was determined to have ceased by the time of trial. The court of appeal affirmed the lower court's judgment, and the judgment was satisfied by payment.
In June of 1956, the plaintiff filed a petition to modify the judgment based upon LSA-R.S. 23:1331, the modification *522 statute in effect at that time.[3] This Court held that res judicata barred the plaintiff's petition for modification. In so holding, the Court reasoned that the plaintiff was not incapacitated at the time he filed his application for modification, it having previously been determined by a final judgment that the disability ceased prior to the initial trial. Consequently, there was no longer an "incapacity" that could thereafter be subject to increase or decrease. Id. at 164. The Court interpreted the modification statute to mean that modification could be sought only when "the incapacity decreed by the court, not necessarily that claimed by plaintiff, has subsequently diminished or increased." Id. (emphasis added). Significantly, however, the Lacy Court did not take issue with the proposition expounded earlier by the Court in Harris, supra, that, although "the original judgment of disability [i]s final insofar as it fixe[s] the period of disability of the employee at the date of its rendition and [i]s res judicata as to that time, it d[oes] not bar the assertion of a claim for modification by either party on the ground that the incapacity of the employee ha[s] increased or decreased." See Lacy, 98 So.2d at 165 (citing with approval Harris, supra). (emphasis added).
The primary holding of the Lacy Court, however, was its interpretation of the modification statute to require that the original judgment of compensation be extant in order for a plaintiff to seek its modification. Id. at 164. If the judgment had been discharged, the Court reasoned, there was nothing left to modify. It therefore construed the modification statute to mean, "[T]he award of compensation in the first instance is a final judgment fixing the extent and duration of disability for the period stated therein, subject, however, to modification, after six months have elapsed and compensation is still due, upon allegations by either plaintiff or defendant that the disability has increased or decreased." Id. at 165-66.
The Lacy decision and its conclusion that the compensation judgment must be extant at the time modification is sought was subsequently criticized by Professor Wex Malone in his treatise on workers' compensation. Malone stated, "The court did not seem to be impressed by the fact that the entire compensation scheme instigated by the Legislature even more strongly envisions that compensation payments shall be made during the entire period of disability so long as the maximum period is not exceeded, and the statute contemplates that necessary adjustments should be made after judgment to that end....The act should not be so interpreted so as to defeat its obvious main purposecompensation so long as the worker is disabled, but no longer." Wex S. Malone, Louisiana Workmen's Compensation Law and Practice § 281 (1st ed. 1964 Supp. pp. 157-58).[4]
Subsequently, in Landreneau v. Liberty Mutual Insurance Co., 309 So.2d 283, 286 (La.1975), this Court, citing Malone, rejected *523 Lacy's rule that a claimant could only seek to modify an extant judgment under LSA-R.S. 23:1331.[5] It did not, however, address that part of Lacy which held that the original judgment was res judicata as to the duration of the disability when that disability was judicially determined to have ceased at the time of trial. In so holding, Landreneau reasoned that the modification statute was to be liberally construed in favor of the claimant and that because of the objective of the workmen's compensation statute, "[j]udgments in compensation cases were treated differently from ordinary judgments ... The flexibility of the [workers' compensation] system is greatly restricted by applying the same rules of finality to compensation awards as to other civil judgments." Id. at 284, 285.
Twelve years later, in Disotell v. Wadsworth Golf Construction Co. of the Southwest, 500 So.2d 371 (La.1987), this Court considered the question of whether a worker's acceptance of a compensation award recommended by the Office of Worker's Compensation prevented him from seeking modification of that award.[6] The plaintiff was injured on the job and received compensation benefits until May 19, 1985. Three months later, the Office of Worker's Compensation issued a recommendation that the plaintiffs disability did not extend past the May 19, 1985 date. Neither party rejected the recommendation within thirty days and therefore, under the statutory law at that time, it was conclusively presumed to have been accepted. Id. at 373. Subsequently, the plaintiff sought to modify his award, indicating that since May 19, 1985, his condition had worsened. The defendant urged the exception of res judicata. This Court held that although the plaintiff was conclusively presumed to have accepted the initial recommendation, which had determined that his disability had ceased, his right to seek modification was not barred. The Court further found that the plaintiff's second filing did not constitute an attempt to relitigate the initial recommendation or award, finding instead that he was merely enforcing his right to modify the initial award by alleging that his incapacity had increased, which right the modification statute clearly bestowed upon him. Id.
Finally, in Campbell v. Luke Construction Co., 465 So.2d 688 (La.1985), the plaintiff also sought to have his original award of compensation modified alleging a change in condition. Importantly for purposes of the instant case, the plaintiff suffered a work related injury on August 26, 1980, and brought suit against his employer on October 16, 1980. Judgment was *524 rendered on December 8, 1981, in favor of the plaintiff, and the trial judge concluded that the plaintiff was disabled for a one year period. Id. at 689. The plaintiff was therefore awarded compensation benefits for one year, and the defendant satisfied the judgment. Plaintiff thereafter sought to modify the award alleging a change in condition. At trial on the merits, the trial court determined that the plaintiff failed to meet his burden of proving a change in condition and the court of appeal affirmed. This Court subsequently reversed the finding of the court of appeal and held that the plaintiff had established that his condition had changed. Clearly then, in the Campbell case it was of no moment that the plaintiff's disability had been judicially determined to have ceased prior to trial and that the judgment had been satisfied prior to the plaintiff seeking modification.
Examination of our prior jurisprudence leads us to the conclusion that the Lacy decision, one criticized and subsequently overruled in part, stands as an anomaly when considered among the other decisions of this Court. Lacy is therefore overruled in its entirety. These prior decisions of this Court recognized what Lacy did not: The modification statute is to be liberally construed in favor of the claimant, and that through it, the Legislature did not intend that a judgment determining the extent of a claimant's disability be res judicata, it having expressly provided that a compensation award can be subject to modification based on a change in the worker's condition. The power of modification, while not a substitute for the appellate process, exists for the purpose of modifying awards due to a change in the worker's condition. Malone, supra, § 284, p. 770 (3rd ed.1994). Indeed, one of its main advantages is that "it permits the [hearing officer] to make the best estimate of disability ... at the time of the original award, although at that moment it may be impossible to predict the extent of future disability, without having to worry about being forever bound by the first appraisal." 8 Larson's Workers' Compensation Law § 81.31(a) at 1127, 1131-32 (1998).
Moreover, inherent in the concept of res judicata is the principle that a party had the opportunity to raise a claim in the first adjudication, but failed to do so. LSA-RS 13:4231 (West 1991)[7]; Terrebonne Fuel & Lube, Inc. v. Placid Refining Co., 95-0654, 95-0671, p. 16 (La.1/16/96), 666 So.2d 624, 634. Indeed, the issue of Jackson's disability at the time of trial was amply litigated. Jackson's original judgment fixed the duration of his disability at the date of its rendition and is therefore res judicata as to that time. However, the cause of action for modification of the prior award requires litigation of Jackson's present disability status and its relation to the prior work-related injury, and that cause of action did not exist at the time of the first adjudication. Consequently, since the issue of Jackson's present disability neither existed nor was litigated in the original trial, Jackson's petition for modification cannot be barred by res judicata.
Additionally, we have previously recognized that the principles of res judicata "are not ironclad, but must be applied to accomplish justice in the light of public policy." Terrebonne Fuel, supra, at 19, 666 So.2d at 635. Consequently, when determining whether Jackson's present petition for modification is barred by the *525 exception of res judicata such a determination must be made with the recognition that the Legislature, through LSA-R.S. 23:1310.8 B, has taken affirmative steps to provide claimants with a cause of action to modify a prior award of compensation due to an alleged change in condition. The policy behind this decision was recognized in Harris, supra: "In short, medical science in certain cases cannot state exactly what is the extent or duration of disability or incapacity, and if the judgment erroneously awards either too much or not enough compensation, the Legislature afforded the aggrieved party an opportunity ... to have the error corrected." Id. at 474. Applying these principles to accomplish justice in light of the policy inherent in the Legislature's decision to enact LSA-R.S. 23:1310.8 B, we find that Jackson's petition for modification is not barred by res judicata. Whether Jackson can carry his burden of proving a change in condition at trial on the merits, however, is an issue that is not before us, and we therefore make no determination in that regard.

DECREE
For the aforementioned reasons, we reverse the judgment of the court of appeal and remand to the hearing officer for further proceedings consistent with the opinions expressed herein.
REVERSED AND REMANDED.
NOTES
[*] Traylor, J., not on panel. Rule IV, Part 2, § 3.
[1] Jackson apparently filed form LDOL-WC 1008, a disputed claim for compensation, rather than a petition for modification. Although plaintiff's form 1008 has not been made part of the record, the judgment of the hearing officer indicates that Jackson proposed to offer medical records which had been determined inadmissible at his initial trial and which were found on appeal to have been properly excluded. The hearing officer determined that Jackson had not filed a petition for modification as he failed to allege a change in compensable condition. Instead, Jackson sought review of the prior award based upon evidence ruled inadmissible at his prior trial. Consequently, the primary basis for the hearing officer's holding that res judicata barred Jackson's claim was that LSA-R.S. 23:1310.8 B is not applicable where the plaintiff's application is not based upon a change in condition, but rather upon evidence ruled inadmissible in the plaintiff's original trial. See Gary v. H.B. Zachry Co., Inc., 631 So.2d 671 (La.App. 3rd Cir.1994). This conclusion was affirmed by the court of appeal, Jackson, supra, 96-1711, 693 So.2d 320, and writs were not sought to this Court. We pretermit any discussion of whether plaintiff's September 17, 1997, petition for modification was barred by prescription based upon his failure to seek modification alleging a change in condition within one year of receipt of defendant's last payment. The defendant in the instant case has not formally pleaded the exception of prescription prior to submission of this case for our decision, and we cannot raise the exception sua sponte. See La.Code Civ. Proc. art. 927 B (West Supp.1999) ("The court cannot supply the objections of prescription and res judicata, which must be specially pleaded."); Willett v. Premier Bank, 696 So.2d 196 (La.App. 3rd Cir.1997); Firmin v. Denham Springs Floor Covering, Inc., 595 So.2d 1164 (La.App. 1st Cir.1991); See also Stark v. Burke, Watt & Co., 9 La. Ann. 341, 343-44 (La.1854) (prescription cannot be raised on rehearing).

Dicta in our decision in Landreneau v. Liberty Mutual Ins. Co., 309 So.2d 283, 285 (La. 1975) stated that the prescriptive period found in LSA-R.S. 23:1209(A) would apply to the filing of a petition for modification, and this conclusion has been followed by two courts of appeal. See Falgout v. Dealers Truck Equipment Co., 98-0611 (La.App. 4th Cir. 11/18/98), 724 So.2d 252, petition for cert. filed, 98-C-3150 (La.12/21/98); Adams v. Cajun Disposal, Inc., 96-1304 (La.App. 1st Cir. 3/27/97), 691 So.2d 296, writ denied, 97-1106 (La.6/20/97), 695 So.2d 1365; but see Montgomery v. Lafayette Parish School Bd., 95-1613 (La.App. 3 Cir. 7/3/96), 677 So.2d 162, writ denied, 96-2035 (La.11/8/96), 683 So.2d 274 (LSA-R.S. 23:1209(A) does not defeat a claim for modification based on a change in disability). However, currently pending before us on supervisory writ is Falgout, supra, which asks this Court to directly address the prescription issue. Should that writ be granted, it would provide an opportunity for resolution of this issue in a case where the discussion would be dispositive rather that mere dicta.
[2] The right to modify a trial court judgment awarding compensation was granted by the Burke-Roberts Employers' Liability Act of 1914 (R.S. 23:1331), which read in pertinent part:

... any time after one year when [a judgment of compensation] shall have become operative, it may be reviewed by the Judge of the Court that rendered the judgment sought to be modified upon the application of either employer or employee, on the ground that the incapacity of the injured employee has subsequently increased, such increase growing directly out of the injury for which compensation had been allowed or diminished....
An amendment in 1918 allowed for modification if the employee's incapacity had "diminished or increased." 1918 La. Acts 1918 No. 38. (emphasis added). Louisiana Acts 1926 No. 85 shortened the one-year waiting period in which one could seek modification to six months.
[3] LSA-R.S. 23:1331, now repealed, read as follows:

At any time six months after the rendition of a judgment of compensation, a judge of the trial court that rendered the judgment shall review the same upon the application of either party for a modification thereof, on the grounds that the incapacity of the employee has been subsequently diminished or increased, or that the judgment was obtained through error, fraud, or misrepresentation.
LSA-R.S. 23:1331 repealed by La. Acts 1988, No. 938, § 3, eff. Jan. 1, 1990.
[4] Lacy was also criticized, but nonetheless followed, in Guillory v. Employers Mutual Liability Ins. Co., 121 So.2d 273 (La.App. 1st Cir.1960), overruled by Landreneau, supra. Guillory noted that Lacy's holding seemed to be at odds with the jurisprudence that, for purposes of appeal, a compensation judgment is not executed by its acceptance, and thus a claimant who accepts payment of a judgment granting him a limited amount of compensation is not precluded from appealing that judgment and obtaining an increase in benefits awarded. Id. at 274 (citing Washington v. Independence Oak Flooring Co., 114 So.2d 599, 600 (La.App. 1st Cir.1959)).
[5] Landreneau specifically overruled that part of Lacy which held that a judgment awarding a worker benefits for six months or less following the date of judgment could not be modifiedwhich holding undoubtedly arose both from the language of the modification statute at that time and Lacy's theory that only an extant judgment could be modified. Further support of the Court's rejection of Lacy's rule is dicta in Landreneau addressing the defendant's argument that, unless the rule of Lacy were upheld, there would be no finality of claims. Landreneau dismissed this argument by citing LSA-R.S. 23:1209, the section on prescription in the Workers' Compensation Act, and concluding, "Under the provisions of [Section] 1209 plaintiff will be unable to seek modification of an award unless he has begun the proceedings within one year from the date of the last payment." See also, Adams v. Cajun Disposal, Inc. 96-1304 (La. App. 1st Cir. 3/27/97), 691 So.2d 296, cert. denied, 97-1106 (La.6/20/97), 695 So.2d 1365. Obviously then, the Landreneau Court did not contemplate that modification would be predicated on the continued existence of the original judgment.
[6] The 1988 amendments to the Workers' Compensation Act rewrote LSA-R.S. 23:1310.1, which had formerly provided that the Office of Workers' Compensation was to issue a recommendation within 30 days after receipt of the claim, which was to be advisory only. If the recommendation was rejected by either party, it was certified by the director as having been rejected, and the complaining party filed suit in district court. Louisiana Acts 1988, No. 938 § 1 replaced the role of the district courts with that of administrative hearing officers, granting them exclusive jurisdiction in the Office of Workers' Compensation.
[7] Our res judicata statute, LSA-R.S. 13:4231, provides in pertinent part that a valid and final judgment is conclusive between the same parties to the following extent:

(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment....
(3) A judgment in favor of either the plaintiff or the defendant is conclusive in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
LSA-RS 13:4231 (West 1991).