WALTER J. ROTHSCHILD, Judge.
In this worker’s compensation case, the claimant, Gerald Boudreaux, appeals from a summary judgment that was granted in favor of the defendants, dismissing all of his claims against them. For the reasons which follow, we reverse and remand.

FACTS AND PROCEDURAL HISTORY

On June 19, 1995, Mr. Boudreaux was injured in an on-the-job accident while employed by L.D. Brinkman and Company, Inc. (“Brinkman”) as a delivery driver. At the time of the accident, The Home Insurance Company (“Home”) was Brink-man’s worker’s compensation carrier. Mr.. Boudreaux filed a claim for worker’s compensation benefits against Brinkman and Home, and a trial was held on October 2, 1997. On November 26, 1997, the worker’s compensation judge rendered a judgment finding that Mr. Boudreaux was injured in the course and scope of his employment and that he was entitled to temporary total disability benefits from the date of the accident through January 7, 1997, which had already been paid by the defendants. She also found that Mr. Bou-dreaux was entitled to payment of all of his medical bills, medication expenses, and transportation expenses arising from the accident. She further found that Mr. Boudreaux |Khad failed to establish any period of disability after January 7, 1997 and ruled that he was not entitled to any worker’s compensation benefits after that date. Mr. Boudreaux did not appeal this ruling.
In August of 1998, Mr. Boudreaux filed a second disputed claim for compensation against Brinkman and Home in which he alleged that the defendants had failed to provide medical treatment recommended by his physician; Dr. Olson, and that they failed to pay Dr. Olson’s charges. Brink-man and Home filed a Motion for Summary Judgment and a hearing on this motion was held on July 21, 1999. On November 17; 1999, the worker’s compensation judge rendered a judgment in favor of the defendants finding that Mr. Boudreaux’s claims were barred by res judicata. The worker’s compensation judge further found that Mr. Boudreaux could not seek modification of his prior award of weekly indemnity benefits, because his request for further benefits af7 ter January 7, 1997 had been denied in the November 26, 1997 judgment, and there was no award of benefits to modify. Mr. Boudreaux did not appeal this decision of the worker’s compensation judge.
On December 28, 2000, Mr. Boudreaux filed another disputed claim for compensation alleging that the defendants had not paid Dr. Olson’s charges for treatment that he received through February 21, 2000. He also filed a “Supplement and Amendment to Disputed Claim,” seeking a declaration of total disability and an award of weekly benefits. Brinkman and Home filed a Motion for Summary Judgment asserting that all of Dr. Olson’s medical bills relating to the accident had been paid and that Mr. Boudreaux could not seek an award of weekly indemnity benefits because there was no award to modify and further litigation of this issue was barred by res judicata. The worker’s compensation judge granted summary judgment in favor of the defendants and dismissed all of Mr. Boudreaux’s claims. It is from this decision that Mr. Boudreaux appeals.

*1120
DISCUSSION

Appellate courts review summary judgments de novo applying the same criteria as the trial court to determine whether summary judgment is appropriate. LSA-C.C.P. art. 966; Carr v. Wal-Mart Stores, Inc., 00-896 (La.App. 5 Cir. 10/31/00), 772 So.2d 865, 866; writ denied, 00-3247 (La.1/26/01), 782 So.2d 636. The reviewing court determines independently whether any genuine issues of material fact exist and whether the movant is entitled to judgment as a matter of law. Nutt v. City of Gretna, 00-1864 (La.App. 5 Cir. 5/16/01), 788 So.2d 617, 619.
In this case, the first issue is whether or not Mr. Boudreaux’s claim for an award of disability benefits is barred by the doctrine of res judicata. Mr. Boudreaux argues that in the decision rendered on November 26, 1997, the worker’s compensation judge found that he had been injured in a work-related accident and that he had been entitled to temporary total disability benefits; therefore, he contends that an award of benefits exists and is subject to modification. The defendants argue that Mr. Bou-dreaux’s claim is barred by res judicata because the worker’s compensation judge ruled in the November 26, 1997 decision that Mr. Boudreaux had not established any disability beyond January 7, 1997, and his claim for disability benefits had previously been dismissed in November of 1999. The defendants assert that Mr. Bou-dreaux’s claim for disability benefits has already been litigated and that Mr. Bou-dreaux should have appealed these prior decisions if he believed that they were erroneous. The defendants also argue that there is no award of.indemnity benefits in existence at this time and, therefore, there is no award to modify.
LSA-R.S. 23:1310.8(B) provides:
B. Upon the application of any party in interest, .on the ground of a change in conditions, the worker’s compensation judge may, after a contradictory hearing, review any award, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in the Worker’s Compensation Act, and shall state his conclusions of fact and rulings of law, and the director shall immediately send to the parties a copy of the award.
The Louisiana Supreme Court addressed a case similar to this one in Jackson v. Iberia Parish Government, 98-1810 (La.4/16/99), 732 So.2d 517. In Jackson, the worker’s compensation judge had rendered a judgment in July of 1994, finding that the claimant had been injured in an on-the job accident and that he was entitled to payment of his medical expenses and disability benefits from the date of the accident until December 6, 1993. The worker’s compensation judge further found that Mr. Jackson had failed to establish any disability beyond December 6, 1993 and denied benefits after that date.
In 1995, Mr. Jackson filed a new disputed claim for compensation that was later dismissed by the worker’s compensation judge on the basis of res judicata. Mr. Jackson appealed this decision, but the Third Circuit affirmed stating that there was no award to modify because Mr. Jackson’s claim for benefits beyond December 6,1993 had previously been denied.
In September of 1997, Mr. Jackson filed another disputed claim for compensation asserting that his condition had worsened and seeking to modify the court’s prior award. The worker’s compensation judge again dismissed his claims on the basis of res judicata and the Third Circuit affirmed this ruling. However, the Louisiana Supreme Court reversed and held that when a claimant has previously been found to be *1121 disabled by a work-related accident and has received an award of benefits, res judi-cata does not prohibit litigation of the claimant’s change in condition, even when a prior judgment determined that the claimant’s disability was for a closed period of time that had ceased prior to trial. The Supreme Court noted that the parties had litigated Mr. Jackson’s disability as it existed at the time of the trial. However, Mr. Jackson’s request for modification was based on his present disability status which did not exist at the time of the original trial. The Court held that Mr. Jackson’s present disability status had never been litigated and, therefore, his petition for modification was not barred by res judicata.
This issue was recently addressed by the First Circuit in Williams v. BET Construction, Inc., 00-1765 (La.App. 1 Cir. 11/9/01), 818 So.2d 21. In that ease, the Court noted that LSA-R.S. 23:1310.8 was amended in Act No. 323 of the 1999 legislative session, and the following subsection was added:
E. A judgment denying benefits is res judicata after the claimant has exhausted his rights of appeal.
However, .the law in effect at the time of the injury is controlling in a worker’s compensation case. Id.; Hoffman v. Parish of Jefferson, 98-621 (La.App. 5 Cir. 3/30/99), 734 So.2d 761, 765, writ denied, 99-1224 (La.6/4/99), 745 So.2d 13. Accordingly, because the claimant in Williams was injured in 1998, which was prior to the amendment, the First Circuit followed Jackson and found that Mr. Williams’ claims were not barred by res judicata. In the present case, Mr. Boudreaux was injured in 1995. Therefore, -just as in Williams, the amendment to LSA-R.S. 23:1310.8 does not apply to this case.
The instant case is similar and indistinguishable from Jackson, and we are compelled to follow its holding. Accordingly, we find that Mr. Boudreaux’s claim for disability benefits is not barred by res judicata because his present disability status did not exist at the time of the trial in 1997 and, therefore, it has not been previously litigated. We find that summary judgment should not have been granted on this issue, and this decision of the worker’s compensation judge is reversed.
The second issue in this case is whether the undisputed facts establish that all of Dr. Olson’s bills and prescriptions related to treatment for Mr. Boudreaux’s work-related accident have been paid by the defendants. Brinkman and Home assert that all of the medical invoices that were substantiated by medical reports and related to Mr. Boudreaux’s work-related injury were paid. In support of their Motion for Summary Judgment, the defendants submitted affidavits from Ms. Debra Gilley, a Claims Specialist at Risk Enterprise Management Ltd.[1] Ms. Gilley asserted that she has never refused payment to Dr. Olson for Mr. Boudreaux’s treatment, except for charges not related to his work-related injury, and she has never refused to reimburse Mr. Boudreaux for ^prescription expenses that were related to his on-the-job injury. In opposition to the defendants’ Motion for Summary Judgment, Mr. Bou-dreaux submitted an affidavit from his treating physician, Dr. Olson, in which he stated that his treatment of Mr. Bou-dreaux has been restricted to problems resulting from the accident.
Although the record in this case reveals that the defendants have paid many of Dr. Olson’s bills for his treatment of Mr. Bou- *1122 dreaux, there is clearly a dispute as to whether all of Dr. Olson’s treatment was related to the on-the-job accident and whether he is entitled to payment from the defendants for treatment that they assert is not related to the accident. In her August 21, 2001 affidavit, Ms. Gilley specifically stated that Dr. Olson had submitted charges for a functional capacity evaluation that had not been authorized and did not appear to be related to his worker’s compensation claim. However, Dr. Olson contends that all of his treatment was related to the accident.
Material facts are those that have the potential to insure or preclude recovery or determine the outcome of a legal dispute. Rambo v. Walker, 96-2538 (La.App. 1 Cir. 11/7/97), 704 So.2d 30, 32. Considering the record before us, we find that there are genuine issues of material fact which preclude summary judgment on the issue of whether Dr. Olson’s bills for treatment related to Mr. Boudreaux’s work-related accident have been paid. Accordingly, the decision of the worker’s compensation judge granting summary judgment in favor of the defendants and dismissing Mr. Boudreaux’s claims for payment of Dr. Olson’s bills is reversed.
For the reasons set forth above, we reverse the summary judgment granted in favor of the defendants, and we remand to the worker’s compensation court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

. According to "the defendants, Risk Enterprise Management Ltd. is the third-party administrator for The Home Insurance Company-