| ROLAND L. BELSOME, Judge.
This is an appeal from the dismissal of a worker’s compensation claim pursuant to an Exception of Res Judicata. For the reasons assigned, we reverse and remand.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

On May 29, 1997, the claimant, Wade Schindler, Ph.D. (Dr. Schindler), was injured in an automobile accident while in the course and scope of his employment with Orleans Regional Security Institute (ORSI). The initial claim for workers’ compensation benefits was filed on August 23, 2000.
The matter was heard before the Office of Workers’ Compensation (OWC) concluding on August 21, 2002. Judgment was rendered on November 1, 2002. The OWC found: 1) Dr. Schindler suffered a work-related injury to his eyes and/or tear ducts; 2) Dr. Schindler was entitled to medical expenses and surgery for his eyes and/or tear duct injury; 3) Dr. Schindler did not carry his burden of proof that he suffered a work-related "injury to his left shoulder; 4) Dr. Schindler was entitled to attorney’s fees and penalties for the defendant’s refusal to pay for medical treatment to the eyes and/or tear ducts; and, 5) Dr. Schindler was not |2entitled to attorney’s fees and penalties for the denial of treatment to his left shoulder.
On April 4, 2003, Dr. Schindler filed a Claim for Modification of the November 1, 2002 judgment. The modification request listed new claims of loss of cognitive functioning and major depression resulting from the 1997 accident. In response, ORSI filed an Exception of Res Judicata. The OWC granted the exception on February 11, 2004. This appeal followed.

ARGUMENT

Dr. Schindler argues that the OWC committed manifest error in finding that his claim was barred by res judicata. It is submitted that the claim for medical treatment for Dr. Schindler’s mental condition did not arise until after the first trial was completed.
ORSI maintains that Dr. Schindler was well aware of his neurocognitive deficits prior to trial, and was, therefore, required to bring forth a cause of action for that condition in conjunction with his workers’ compensation trial. ORSI points to Dr. Schindler’s February 21, 2001 deposition and two medical evaluations conducted by F. William Black, Ph.D., Professor of Psychiatry and Neurology at the Tulane University School of Medicine, on June 15, 2000, and May 10, 2001, to show that Dr. Schindler was aware of his claim for mental injuries prior to trial.

*117
LAW AND ANALYSIS

After a final judgment, res judicata bars relitigation of any subject matter arising from the same transaction or occurrence of a previous suit. La. R.S. 13:4231; La. C.C.P. art. 425; Avenue Plaza, L.L.C. v. Falgoust, 96-0173 (La.07/02/96), 676 So.2d 1077. This promotes judicial efficiency and final resolution |sof disputes. 676 So.2d at 1079. Implicit in the concept of res judicata is the principle that a party had the opportunity to raise a claim in the first adjudication, but failed to do so. La. R.S. 13:4231; Jackson v. Iberia Parish Government, 98-1810, p. 4 (La.04/16/99), 732 So.2d 517, 520.
Workers’ compensation judgments, however, are treated differently from ordinary judgments. This is due to the fact that if the rules of finality applied to ordinary civil judgments are applied to workers’ compensation judgments, the flexibility of the workers’ compensation system would be greatly restricted. Falgout v. Dealers Truck Equipment Co., 98-3150 (La.10/19/99), 748 So.2d 399, 405.
The Supreme Court reaffirmed the validity of this policy by holding in Jackson v. Iberia Parish Government, 98-1810 (La.4/16/99), 732 So.2d 517, 524, that where the legislature has expressly provided that an award or judgment can be subject to a claim of modification, res judicata does not apply. In so holding, the court recognized that “the principles of res judicata ‘are not ironclad, but rnpst be applied to accomplish justice in the light of public policy.’ ” Id., 732 So.2d at 524, citing Terrebonne Fuel & Lube, Inc. v. Placid Refining Co., 95-0654, 95-0671 (La.1/16/96), 666 So.2d 624, 635. The court further established that the modification statute is to be liberally construed in favor of the claimant, and that through it, the legislature did not intend that a judgment determining the extent of a claimant’s disability be res judicata, it having expressly provided that a compensation award can be subject to modification based on a change in the worker’s condition. Jackson, 732 So.2d at 524.
In 1988, by Acts No. 938, § 2, effective January 1, 1990, the legislature enacted La. R.S. 23:1310.8 regarding the OWC’s continuing jurisdiction over a [ 4workers’ compensation case and governing modifications. The statute, in subsection B, provides:
Upon the application of any party in interest, on the ground of a change in conditions, the workers’ compensation judge may, after a contradictory hearing, review any award, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in the Workers’ Compensation Act, and shall state-his conclusions of fact and rulings of law, and the director shall immediately send to the parties a copy of the award. ■
In Falgout, the Louisiana Supreme Court-' explained the concept of modification in workers’ compensation cases as follows:
The purpose of the Workers’ Compensation Act is to set up a court-administrated system to aid injured workmen by relatively informal and flexible proceedings that are to be interpreted liberally in favor 'of the workmen. Landreneau v. Liberty Mutual Insurance Co., 309 So.2d 283 (La.1975). “The entire compensation scheme instigated by the Legislature strongly envisions that compensation shall be made during the entire period of disability so long as the maximum period is not exceeded.” Id. at 285, (citing Malone & Johnson, Treatise on Workmen’s Compensation, § 281, at 57-58 (1st ed. 1964 Supp.)). Within the entire scheme, the concept of modifi *118 cation is unique because it allows a case to be reopened and the award amended after the judgment becomes final. Denis Juge, Louisiana Workers’ Compensation, § 3:7 (2nd ed.1999). “The power of modification, while not a substitute for the appellate process, exists for the, purpose of modifying awards due to a change in the workers’ condition.” Jackson, at 524 (citing Malone & Johnson, Treatise on Workmen’s Compensation, § 284, at 770 (3rd ed.1994)). The purpose of the modification statute is to allow adjustments to be made after judgment “to insure that the, employee will be paid compensation during the full period of his disability and that the employer will not be required to pay for any longer than this period of disability.” Landreneau at 285, (citing Malone & Johnson, Louisiana Workmen’s Compensation Law and Practice § 281, at 57-58 (1st ed. 1964 Supp.)).
supra at 405.
In the present ease, it is apparent from the record that Dr. Schindler’s claims for loss or impairment of cognitive functioning and depression were not litigated at trial, even though Dr. Schindler had undergone two prior psychological evaluations |sby Dr. Black. In the second evaluation on May 10, 2001, Dr. Black noted a decline in Dr. Schindler’s cognitive functioning since his first evaluation. He further recommended that Dr. Schindler submit to a psychiatric evaluation with a forensic psychiatrist in order to determine the precise nature of his emotional and psychological functioning.
On September 13, 2002, after the trial was completed, but before rendition of the judgment, Dr. Schindler was examined by Dr. Rochelle Head-Dunham, board certified in addiction psychiatry with the Louisiana Department of Health and Hospitals. Dr. Schindler was diagnosed with major depressive disorder, generalized anxiety, obsessive compulsive traits, and moderate-severe stress. Based on this information, Dr. Schindler sought modification of the prior workers’ compensation judgment to include treatment for his psychological disorder. After thorough review of the record, it is clear that Dr. Schindler’s request for modification was based on a disability status (loss or impairment of cognitive functioning and depression)- that did not exist, or was not fully developed and evaluated, at the time of the original trial. It is also undisputed that Dr. Schindler’s claims of mental disability had never been litigated. In the Reasons for Granting of Exception of Res Judicata, the OWC specifically acknowledged that -Dr. Schindler’s new claims were neither alleged nor litigated in the first trial.
Considering these findings, and in accordance with the jurisprudence cited herein, we conclude that Dr. Schindler’s petition for modification was not barred by res judicata. The clear purpose of La. R.S. 23:1310.8 is to allow modifications of workers’ compensation awards due to a change in the claimant’s medical condition. Whether Dr. Schindler can carry his burden of proving a change in | ficondition at a trial on the merits, however, is an issue that is not before us, and we therefore make no determination in that regard.

CONCLUSION

For the foregoing reasons, we find the OWC erred as a matter of law in sustaining the Exception of Res Judicata. Accordingly, the decision of the OWC is reversed and remanded for further proceedings.
REVERSED AND REMANDED.
CANNIZZARO, J. dissents with reasons.