818 So.2d 21 (2001)
Daryl J. WILLIAMS
v.
BET CONSTRUCTION, INC.
No. 2000 CA 1765.
Court of Appeal of Louisiana, First Circuit.
November 9, 2001.
*22 Daniel J. Dazet, Metairie, Counsel for Plaintiff/Appellant Daryl J. Williams.
Patrick H. Patrick, New Orleans, Counsel for Defendant/Appellee BET Construction, Inc.
Before: WHIPPLE, FOGG, and GUIDRY, JJ.
GUIDRY, J.
This is an appeal by the plaintiff, Daryl Williams, of a judgment sustaining the defendant's, BET Construction, Inc., (BET), exception raising the objection of res judicata and dismissing plaintiff's action seeking additional supplemental earnings benefits and medical treatment expenses.
Williams was injured in an accident while in the course and scope of his employment with the defendant on March 25, 1998, for which he began receiving workers' compensation benefits. His employer, BET, filed a disputed claim with the Office of Workers' Compensation seeking an adjudication that no further benefits were due the plaintiff. Williams filed a reconventional demand seeking an award of supplemental earnings benefits. A trial was held on August 16, 1999. On September 13, 1999, a judgment was rendered in favor of BET, denying Williams' claim (reconventional demand) on the bases that he failed to meet his burden of proof of entitlement to supplemental earnings benefits and that by refusing to follow and complete the work-hardening courses, he is not entitled to additional indemnity benefits.
On February 25, 2000, Williams filed a disputed claim for compensation based on the March 25, 1998 accident, alleging that he is entitled to additional benefits based on the fact that his treating physician changed his disability status, after trial, from temporary partial disability to temporary total disability.
BET filed an exception raising the objection of res judicata. Without giving reasons, the Office of Workers' Compensation *23 (OWC) granted the exception and dismissed plaintiff's claim. Williams appeals, asserting the OWC erred as a matter of law in granting the defendant's exception of res judicata.
Louisiana Revised Statute 13:4231, sets forth the doctrine of res judicata in pertinent part, as follows:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
* * * * *
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
Ordinarily, once a judgment becomes final and definitive, parties are bound by it, regardless of any future change of circumstance. See La. C.C.P. art. 1841; see also La. C.C.P. art. 425. However, workers' compensation judgments are treated differently from ordinary judgments. This is due to the fact that if the rules of finality that govern ordinary civil judgments are applied to the workers' compensation judgments, the flexibility of the workers' compensation system would be greatly restricted. Falgout v. Dealers Truck Equipment Co., 98-3150, pp. 8-9 (La.10/19/99), 748 So.2d 399, 405; Critser v. Dillard's Department Stores, Inc., 99-3113, p. 5 (La.App. 1 Cir. 2/16/01), 791 So.2d 702, 706, writ denied, XXXX-XXXX (La.5/4/01), 791 So.2d 659.
Within the entire scheme of the workers' compensation act, the concept of modification is unique because it allows a case to be reopened and the award amended after the judgment becomes final. Falgout, 98-3150, at p. 8, 748 So.2d at 405, citing Denis Juge, Louisiana Workers' Compensation, § 3:7 (2d ed.1999). The power of modification, while not a substitute for the appellate process, exists for the purpose of modifying awards due to a change in the worker's condition. Falgout, 98-3150 at p. 8, 748 So.2d at 405 (citations omitted). Workers' compensation law is designed so that when the hearing officer estimates the extent of the disability at the time of the original award he does so "without having to worry about being forever bound by the first appraisal." Jackson v. Iberia Parish Government, 98-1810 (La.4/16/99), 732 So.2d 517, citing 8 Larson's Workers' Compensation Law § 81.3(a), at 1127, 1132-35 (1998).
Our Supreme Court reaffirmed the validity of this policy by holding in Jackson v. Iberia Parish Gov't., 98-1810, p. 9 (La.4/16/99), 732 So.2d 517, 524, that where the legislature has expressly provided that an award or judgment can be subject to a claim of modification, res judicata does not apply. Falgout, 98-3150 at p. 9, 748 So.2d at 406.
The workers' compensation act has such a modification provision. Prior to 1990, modification of workers' compensation judgments was governed by La. R.S. 23:1331(C).[1] In 1988, by Acts No. 938, *24 § 2, effective January 1, 1990, the legislature enacted La. R.S. 23:1310.8 regarding the OWC's continuing jurisdiction over a workers' compensation case and governing modifications. The statute, in subsection B, provides:
B. Upon the application of any party in interest, on the ground of a change in conditions, the workers' compensation judge may, after a contradictory hearing, review any award, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in the Workers' Compensation Act, and shall state his conclusions of fact and rulings of law, and the director shall immediately send to the parties a copy of the award.
In Matthews v. Farley Industries, 95-1387 (La.2/28/96), 668 So.2d 1144, our Supreme Court was faced with the issue of whether a workers' compensation claimant can seek modification of an adverse judgment denying benefits. The plaintiff in Matthews developed a work-related condition for which he received workers' compensation benefits for approximately thirteen months, with a four-month interruption. When the benefits were terminated, the plaintiff filed a disputed claim for compensation for additional benefits, which was subsequently denied. (The court of appeal affirmed that judgment.) Matthews then filed a petition for modification of the adverse judgment based on an alleged change in circumstances (worsened condition). The hearing officer concluded that the plaintiff's claim was barred by res judicata. The court of appeal reversed and remanded. See Matthews v. Farley Industries, 95-49 (La. App. 3 Cir. 5/3/95), 657 So.2d 191. The Supreme Court granted certiorari and reversed, holding that the language of R.S. 23:1310.8 B clearly requires a prior award of compensation. Because the plaintiffs' claims for additional benefits in Matthews had both been denied, the court held the modification provisions were inapplicable and res judicata barred any subsequent action for benefits.
However, in Jackson v. Iberia Parish Government, 98-1810, p. 3 (La.4/16/99), 732 So.2d 517, 520, the Supreme Court limited the application of Matthews, holding that it does not control where a plaintiff has been previously adjudged incapacitated by a work-related injury and has received an award of compensation for that injury. The court further held that "res judicata does not preclude litigation of a claimant's increased or decreased disability in a suit to modify a prior judgment where that judgment determined that the claimant's disability terminated prior to trial and where such judgment has been satisfied." Jackson, 98-1810 at pp. 3-4, 732 So.2d at 520. In so holding, the court recognized that "the principles of res judicata `are not ironclad, but must be applied to accomplish justice in the light of public policy.'" Jackson, 98-1810 at p. 10, 732 So.2d at 524, citing Terrebonne Fuel & Lube, Inc. v. Placid Refining Co., 95-0654, 95-0671, p. 19 (La.1/16/96), 666 So.2d 624, 635. The court further established that the modification statute is to be liberally construed in favor of the claimant, and that through it, the legislature did not intend that a judgment determining the extent of a claimant's disability be res judicata, it having expressly provided that a compensation award can be subject to modification based on a change in the worker's condition. Jackson, 98-1810 at p. 9, 732 So.2d at 524. The court further *25 noted that a cause of action for modification of a prior award requires litigation of the claimant's present disability status, a cause of action which did not exist at the time of the first adjudication; therefore, the court concluded plaintiff's petition for modification could not be barred by res judicata. Id.
In Act No. 323 of the 1999 legislative session, the legislature amended La. R.S. 23:1310.8 to provide a prescriptive limit within which an action to modify a prior award of compensation must be filed. Subsection D of the statute, effective August 15, 1999, provides:
A petition to modify a judgment awarding benefits shall be subject to the prescriptive limitations established in R.S. 23:1209.
The amendment also added subsection E:
A judgment denying benefits is res judicata after the claimant has exhausted his rights of appeal.
Defendant maintains that the amendment, i.e., subsection E, is applicable. Defendant also maintains that because Williams' earlier claim for additional benefits was denied, and because that judgment was not appealed and is now final, Williams' subsequent claim for additional benefits as a result of a change in his disability status is barred by res judicata pursuant to 23:1310.8(E). However, in a workers' compensation case, the law in effect at the time of the compensable injury is controlling. Garrett v. Seventh Ward General Hospital, 95-0017, p. 6 (La.9/22/95), 660 So.2d 841, 844; overruled on other grounds by Al Johnson Construction Company v. Pitre, 98-2564 (La.5/18/99), 734 So.2d 623; Gilmore v. SGB Construction Services, Inc., 97-1669, p. 3 (La.App. 1 Cir. 5/15/98), 712 So.2d 663, 665. The injury on which all of Williams' claims are based occurred on March 25, 1998; therefore, the law in effect at that time, prior to the 1999 amendment, is applicable.
As stated earlier, in 1998, subsection B of R.S. 23:1310.8 provided for modification of a workers' compensation award by the OWC. In Jackson, the plaintiff's earlier claim for compensation had been granted to a certain extent, but expressly denied for any disability past a certain date, based on a finding that plaintiff's disability had terminated prior to trial. The plaintiff filed a subsequent claim based on his worsened condition. The Supreme Court held that claim was not barred by res judicata, because a cause of action for modification would require litigation of the claimant's present disability, a cause of action that did not exist at the time of the first adjudication. Of course, the court noted that plaintiff would still have the burden of proving a change in his condition at a trial on the merits. We find the case before us indistinguishable from Jackson, and find the OWC erred as a matter of law in sustaining the defendant's exception raising the objection of res judicata.
Accordingly, the decision of the OWC granting defendant's exception of res judiciata is reversed. Costs of this appeal are assessed to the defendant and this matter is remanded to the OWC for further proceedings consistent herewith.
REVERSED AND REMANDED.
WHIPPLE, J., concurs.
NOTES
[1] R.S. 23:1331(C) provided:

At any time after six months after rendition of a judgment of compensation by the district court or at any time after six months from the date of the acceptance by the parties of the recommendation of the director under R.S. 23:1310.1, the director shall review the same upon the application of either party for a modification thereof and shall issue a recommendation pursuant to R.S. 23:1310.1.