McCLENDON, J.
This appeal arises from an action for workers’ compensation benefits that were denied. For the reasons that follow, we dismiss the appeal.
FACTS AND PROCEDURAL HISTORY
On March 25, 1998, plaintiff, Daryl Williams, suffered an injury to his back while in the course and scope of his em *631 ployment with BET Construction, Inc. (BET). Plaintiff began receiving workers’ compensation benefits and medical treatment. Subsequently, BET filed a disputed claim for benefits, seeking adjudication that no further benefits were due plaintiff. Plaintiff reconvened seeking supplemental earnings benefits. A trial was held and judgment rendered on September 13,1999, in favor of BET and against plaintiff, in which the Office of Workers’ Compensation (OWC) judge concluded that:
1) plaintiff failed to carry his burden of proof that he was entitled to workers’ compensation supplemental earnings benefits,
2) by refusing to follow and complete the work-hardening courses, plaintiff was not entitled to additional indemnity benefits, and
3) plaintiff offered no support for his claim for reconventional demand, and it was therefore dismissed.
This judgment was not appealed.
A second disputed claim for workers’ compensation benefits, arising out of the March 25, 1998 accident, was filed on February 25, 2000, with the OWC, this time by plaintiff against BET and its insurer, Eagle Pacific Insurance Company (Eagle). Plaintiff alleged total temporary disability that entitled him to benefits and medical treatment.
Defendants, BET and Eagle, filed an exception of res judicata, which was granted by the OWC judge, dismissing plaintiffs claim. Plaintiff ^appealed and this Court reversed the granting of the exception and remanded the matter. Williams v. BET Constr. Inc., 2000-1765 (La.App. 1 Cir. 11/9/01), 818 So.2d 21.
Following trial on the merits, judgment was signed on October 1, 2002, in favor of BET and against plaintiff, dismissing plaintiffs claim with prejudice. The OWC judge determined that:
1) there can be no modification of a prior workers’ compensation judgment that did not award any workers’ compensation benefits, and therefore plaintiffs request for modification of the first judgment was denied,
2) the first judgment was not based on conditions that could change,
3) plaintiff failed to prove an increase in his disability after the first trial, and
4) plaintiff failed to prove that the medical benefits he sought were necessary services related to the March 25, 1998 accident.
This appeal followed.
In his two assignments of error, plaintiff/appellant asserts that the OWC judge made errors of law in 1) considering the claim filed by plaintiff as a request for modification of a prior judgment rather than as a new claim, and 2) not giving greater weight to the treating physician’s opinion over the opinion of the employer-selected doctor.
DISCUSSION
Since the inception of workers’ compensation in this state, the legislature has “expressly provided that a compensation award can be subject to modification based on a change in the worker’s condition.” Jackson v. Iberia Parish Gov’t, 98-1810, p. 9 (La.4/16/99), 732 So.2d 517, 524. Workers’ compensation law is designed so that when the OWC judge ^estimates the extent of the disability at the time of the original award he does so “without having to worry about being forever bound by the first appraisal.” Id. By allowing awards of compensation to be reopened, the overriding purpose of the statutory scheme, that a worker receives compensation for as long as he is disabled, but not longer, is ensured. Falgout v. Dealers Truck Equip. Co., 98-3150, p. 9 (La.10/19/99), 748 So.2d 399, 406.
*632 Prior to 1990, modification of workers’ compensation judgments was governed by LSA-R.S. 23:13S1(C).[1] In 1990, the legislature repealed LSA-R.S. 23:1331(C) and replaced it with LSA-R.S. 23:1310.8.[2] LSA-R.S. 23:1310.8(B) provides:
B. Upon the application of any party in interest, on the ground of a change in conditions, the workers’ compensation judge may, after a contradictory hearing, review any award, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in the Workers’ Compensation Act, and shall state his conclusions of fact and rulings of law, and the director shall immediately send to the parties a copy of the award (Emphasis added).[3]
In the consolidated cases of Matthews v. Farley Indus. and Martin v. Texaco, Inc., 95-1387, 95-1796 (La.2/28/96), 668 So.2d 1144, both claimants were voluntarily paid compensation benefits, and their benefits were terminated by their employers, resulting in subsequent suits for compensation. In both cases, the claimants were denied benefits and later | sfiled motions alleging a change in circumstances and seeking a modification of their prior adverse judgments. In finding that the workers’ compensation judge lacked jurisdiction to modify the previous adverse judgments, the supreme court stated, “The former statute allowed modification of a compensation judgment or the director’s recommendation. The current statute uses the word ‘award.’ Under Section B, the hearing officer may review any award and end, diminish or increase the compensation previously awarded. The language clearly requires a prior award of compensation.” Matthews v. Farley Indus., 95-1387 at p. 5, 668 So.2d at 1146.
Further, in Jackson v. Iberia Parish Gov’t, 98-1810 at p. 4, 732 So.2d at 521, the supreme court reiterated its prior holding by stating, “Matthews determined that the word ‘award’ found in Section 1310.8(B) contemplates that the plaintiff has received a judgment awarding compensation. Therefore, a judgment, such as those received by the plaintiffs in Matthews denying compensation benefits does not produce an ‘award’ subject to review under the statute.”
Plaintiff did not receive an award of compensation. His request for benefits (the reeonventional demand) was denied. Since LSA-R.S. 23:1310(B) requires a pri- or award of compensation before a judgment may be modified, the 1999 judgment reserved nothing to plaintiff to reconsider or modify.
Plaintiff asserts, however, that the current claim is a completely new claim, independent of any prior claim, and he contends, therefore, that it is not a modifi *633 cation of the prior judgment. We find no merit in plaintiffs attempt to classify this as a new claim. The judgment denying supplemental earnings benefits was entered in 1999. Plaintiff did not appeal and that judgment became a final adjudication. The present claim of plaintiff is | fibased on the same accident and same injuries asserted in the first litigation. There is no evidence of a new disability. The medical evidence simply indicates that plaintiffs complaints of pain in his back have become more severe and, because of the pain, plaintiff has been unable to return to employment.
The OWC judge lacked subject matter jurisdiction to modify the judgment denying plaintiff workers’ compensation benefits and correctly dismissed the claim.[4] We, therefore, need not address plaintiffs second assignment of error. The appeal is dismissed.
APPEAL DISMISSED.

.LSA-R.S. 23:1331(C) provided:
C. At any time after six months after rendition of a judgment of compensation by the district court or at any time after six months from the date of the acceptance by the parties of the recommendation of the director under R.S. 23:1301.1, the director shall review the same upon the application of either party for a modification thereof and shall issue a recommendation pursuant to R.S. 23:1310.1.

. Act 938 of 1988, effective January 1, 1990, repealed LSA-R.S. 23:1331 and replaced it with LSA-R.S. 23:1310.8.

. LSA-R.S. 23:1310.8 was amended in 1999 adding subsections D and E, to provide a prescriptive limit within which an action to modify a prior award of compensation must be filed. However, in a workers' compensation case, the law in effect at the time of the compensable injury is controlling. Williams v. BET Constr. Inc., 2000-1765 at p. 6, 818 So.2d at 25.

. Although this Court previously remanded this matter, the only issue raised before the Court was the correctness of the granting of the exception of res judicata. The question of subject matter jurisdiction was never raised. This is further supported by the trial court's ruling, on remand, that it could not modify a judgment in which nothing was awarded. We therefore do not find the prior decision of this Court to be definitive or controlling on the issue of subject matter jurisdiction.