# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## WCA 07-745 consolidated with WCA 07-746


**S & S COATING SPECIALTIES**

**VERSUS**

**BROCK DORE**


********** 

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 04
PARISH OF LAFAYETTE, NO. 04-00529 c/w 04-00692
SHARON MORROW, WORKERS' COMPENSATION JUDGE

**********

**JOHN D. SAUNDERS**
**JUDGE**

**********

Court composed of John D. Saunders, Oswald A. Decuir, and J. David Painter, Judges.

**AFFIRMED.**


**William Michael Stemmans**
**668 S. Foster Dr., #101**
**Baton Rouge, LA 70806**
**(225) 231-1288**
**Counsel for Plaintiff/Appellee:**
**S & S Coating Specialties**

**Harry Karl Burdette**
**The Glenn Armentor Law Corp.**
**300 Stewart St.**
**Lafayette, LA 70501**
**(337) 233-1471**
**Counsel for Defendant/Appellant:**
**Brock Dore**

**SAUNDERS, Judge.**

This is a workers' compensation case. Claimant was injured in a work related accident. The employer filed a 1008 alleging that Claimant was using illicit drugs on the day of the accident. Claimant filed a 1008 alleging that the employer arbitrarily and capriciously denied workers' compensation benefits. Their claims were consolidated.

After a two day trial and taking the matter under advisement, the workers' compensation judge (hereinafter "WCJ") found that Claimant was entitled to medical benefits for the initial emergency room visit and for four days of disability benefits. As the employer had already paid employee those benefits, the WCJ denied Claimant any penalties or attorney's fees. Claimant has appealed alleging two assignments of error. We affirm the WCJ's judgment.

**FACTS AND PROCEDURAL HISTORY:**

Claimant, Brock Dore (hereinafter "Dore"), was employed with S&S Coating Specialties, Inc. (hereinafter "the employer") as a painter. Dore had suffered an injury prior to his employment. Dore's prior injury resulted in a preexisting cervical condition that, according to Dore, had resolved. On December 22, 2003, while in the course and scope of his employment, Dore was injured by a falling box that hit him on the neck and shoulder. Dore reported the accident to his supervisor, then went home to rest. Thereafter, Dore went to the emergency room and presented with pain on the right side of his neck and right shoulder. The emergency room physician, Dr. Chester Dellanger, gave Dore a four-day work release.

On January 22, 2004, the employer filed a 1008 alleging that Dore was not allowed to receive benefits as he was under the influence of illicit drugs at the time of the accident. Approximately seven days after the initial 1008 filed by the employer,

Dore filed a 1008 alleging that he was disabled from the December 22, 2003, accident and that the employer was arbitrarily and capriciously denying him workers' compensation benefits. The cases were consolidated.

Dore continued to receive medical treatment, complaining of pain on the right side of his neck and radiating pain down his right arm. An MRI was conducted on May 13, 2004. The May 13, 2004, MRI was compared to Dore's December 1, 1999, MRI that was conducted as a result of Dore's prior injury. Minimal changes were shown to Dore's C5-C6 disc on the left side, but no other changes were shown.

The matter was tried on June 2, 2005 and June 5, 2005. After the submission of testimony and evidence, the matter was taken under advisement. Judgment was rendered on October 13, 2006. The WCJ found that Dore had failed to carry his burden of proving that the disability he suffered as a result of the pain on his right side was causally related to the December 22, 2003, accident.

The WCJ, after listening to medical evidence, opined that Dore's subjective complaints of pain on his right side were not typical of the protrusions that the May 13, 2004, MRI had shown on Dore's left side. Therefore, the WCJ found that Dore had to prove that his condition was not typical. The WCJ ruled that Dore failed to carry this burden because he had supported his position with his own testimony, and that his testimony lacked credibility.

The WCJ made her decision on Dore's credibility based upon inconsistencies in his testimony, a history of drug seeking behavior, and a prior judgment that found Dore had committed workers' compensation fraud. Dore has appealed alleging first that the WCJ committed manifest error in finding that he was not entitled to any further indemnity or medical benefits beyond the emergency room visit and four days

2

of disability. Second, Dore is alleging that the WCJ committed manifest error in finding that the employer was not arbitrary and capricious in its denial of his claim.

We find that the two assignments of error raised by Dore lack merit. As such, we affirm the WCJ's judgment and assess all costs of this appeal to Dore.

**ASSIGNMENTS OF ERROR:**

1.    Did the WCJ commit manifest error in finding that the employee, Brock Dore, was not entitled to any further indemnity or medical benefits beyond the emergency room visit and four days of disability?

2.    Did the WCJ commit manifest error in finding that the employer, S&S Coating Specialties, Inc., was not arbitrary and capricious in its denial of the employee's claim?

**ASSIGNMENT OF ERROR #1:**

Dore contends that the WCJ committed manifest error in finding that he was not entitled to any further indemnity or medical benefits beyond the emergency room visit and four days of disability. This assignment of error lacks merit.

This court noted the following in *Veazie v. Gilchrist Const. Co.*, 04-118, pp. 2-3 (La.App. 3 Cir. 6/2/04), 878 So.2d 742, 744-745, *writ denied*, 04-1692 (La. 10/8/04), 883 So.2d 1018:

> Appellate review in workers' compensation cases is governed by the manifest error or clearly wrong standard. *Freeman v. Poulan/Weed Eater*, 93-1530 (La.[1/]14[/94]), 630 So.2d 733. The appellate court must determine not whether the trier of fact was right or wrong, but whether the fact finder's conclusion was a reasonable one in light of the entire record. *Rosell v. ESCO*, 549 So.2d 840 (La.1989).
>
> Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review even though the appellate court may feel that its own evaluations and inferences are more reasonable. *Stobart v. State, through DOTD*, 617 So.2d 880 (La.1993). Deference is due to the factfinder's determinations regarding the credibility of witnesses, "for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said." *Rosell*, 549 at 844.

3

In a workers' compensation proceeding, much like that in most civil actions, the plaintiff/employee must prove by a preponderance of the evidence the cause of his or her workers' compensation claim. Therefore, the evidence, when taken as a whole, must show that it is more probable than not that the employment accident caused the injury. *Gradney v. Vancouver Plywood Co., Inc.*, 299 So.2d 347 (La. 1974).

In the case before us, the WCJ found that Dore was only entitled to disability and indemnity benefits for the emergency room visit on the day of the accident and for the following four days after the accident. In order for this court to reverse the WCJ's findings, we must conclude, in light of the entire record, no reasonable person could have made the same findings as the WCJ. There is ample evidence in the record to support the WCJ's findings.

Dr. Chester Dellanger, the emergency room doctor who saw Dore the day of the accident, gave Dore a four-day work release the day of the accident. Other than the emergency room records, the primary objective indication of Dore's injury was the MRI performed on May 13, 2004. The MRI showed that the abnormal discs with protrusions were on Dore's *left* side, while Dore's subjective complaints of pain were on his *right* side. Dr. Dellanger and Dr. Gregory Gidman both testified that disc complaints typically correlate to the same side as the protrusion. Dr. Dellanger testified that Dore's complaints were at the right side of the neck and upper shoulder. Dr. Kenneth L. Fournet, a general practitioner who treated Dore, consistently noted right-sided complaints. Finally, Dr. Cobb, an orthopaedic surgeon, noted that Dore was complaining of radiating pain into the right arm.

Given Dore's atypical symptomology, it was his burden to prove, through his

4

own credible testimony or otherwise, that his medical condition was not one of the typical variety. The WCJ determined that Dore failed to carry that burden due to his lack of credibility. There is sufficient evidence to make this credibility determination reasonable.

Dore had a prior judgment against him for workers' compensation fraud and a prior drug conviction. Further, Dore's testimony is inconsistent. The testimony of Mark Hebert, the yard foreman and Dore's supervisor, was in direct contradiction to Dore's regarding the time he went to the emergency room. The WCJ found that Dore lied to his work supervisor in order to avoid answering questions regarding the taking of a drug test. Further, Dore's testimony is contradicted by the medical records from his emergency room visit. Dore testified that he told the emergency room staff that his accident was work related. Those records show Dore to be a self paying patient rather than a workers' compensation patient. The WCJ believed that Dore failed to disclose the origin of his injury in order to avoid a drug test. The WCJ based her belief on the fact that it was explained to every employee of the employer that when a person presents to an emergency room for a work related injury, he would be subjected to a drug test.

Moreover, after learning that drug use was an issue in the case, Dore took a drug test. The results of that test where found to be tainted, or "too clean,"as the specimen was nearly tap water. Finally, the testimony of Dr. G. Douglas Sagrera, a family and general practice physician who treated Dore, indicated that once Dore's previous injury had resolved, he attempted to obtain prescription for medications which he did not need.

Dore attempts to show that the WCJ was unreasonable in her findings by

pointing to medical records from Dr. John Cobb and Dr. Ilyas Munchi. While those records could have potentially helped Dore carry his burden of proving that his work accident caused further disability, we shall not consider those records. Louisiana Code of Civil Procedure Article 2164, in pertinent part, states, " The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal."

The medical records referenced by Dore were generated after the judgment issued by the WCJ and were not admitted into evidence at trial. As this court is a court of review, it is not this court's proper function to admit evidence for the first time without any consideration of that evidence at a lower level. As such, it would be improper for this court to consider evidence not first weighed and ruled upon at the trial level.

As stated above, Dore had the burden of proving that his atypical symptomology was due to the work related accident. The only evidence offered to carry that burden was his own testimony. Given that Dore's testimony was reasonably found to lack credibility, we cannot say that the WCJ's ruling on Dore's disability was in error. Moreover, there was evidence in the record which would support a finding that Dore was disabled for only a four day period following his injury. As such, we affirm the WCJ's ruling that Dore was not entitled to any further indemnity or medical benefits beyond the emergency room visit and four days of disability.

**ASSIGNMENT OF ERROR #2:**

Dore contends the WCJ committed manifest error in finding the employer was not arbitrary and capricious in its denial of his claim. This assignment of error also lacks merit.

The rule is well settled that a worker's compensation claimant is entitled to

6

penalties and attorney's fees if benefits are withheld or terminated arbitrarily, capriciously, or without probable cause. La.R.S. 23:1201 *et. seq.*

In assignment of error #1, we upheld the WCJ's finding that Dore was not entitled to any further indemnity or medical benefits beyond the emergency room visit and four days of disability. The record indicates that the employer paid the medical bills associated with Dore's initial emergency room visit and for four days of indemnity benefits following the injury. Even though there is evidence of serious employer misconduct,[1] there is no evidence that the employer denied any benefits to Dore arbitrarily, capriciously or without probable cause. As such, this assignment of error also lacks merit.

**CONCLUSION:**

Dore raised two assignments of error. We found that both assignments of error raised are without merit. All costs of this appeal are to be paid by Dore.

**AFFIRMED.**

---

[1] There is evidence in the record that S&S Coating Specialties, Inc. is a company where on-site drug use was common and encouraged by the yard foreman, and whose manager/vice president is accused of soliciting false statements against the injured worker and other illicit conduct. Neither the WCJ nor this court were influenced by these allegations as the false statements made by the injured worker's co-employee were later recanted, and the other illicit activities are irrelevant to the issues raised at trial or on appeal.