STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-455


BROCK DORE

VERSUS

S & S COATING SPECIALTIES, INC.


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 4
PARISH OF LAFAYETTE, NO. 07-07236
HONORABLE SHARON MORROW, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*


MARC T. AMY
JUDGE

\*\*\*\*\*\*\*\*\*\*


Court composed of Marc T. Amy, Billy Howard Ezell, and James T. Genovese, Judges.


AFFIRMED.


Harry K. Burdette
The Glenn Armentor Law Corporation
300 Stewart Street
Lafayette, LA   70501
(337) 233-1471
COUNSEL FOR PLAINTIFF/APPELLANT:
        Brock Dore

Jennifer E. Frederickson
Stemmans & Alley, PLLC
2798 O'Neal Lane, Suite B-3
Baton Rouge, LA   70816
(225) 752-5266
COUNSEL FOR DEFENDANT/APPELLEE:
        S & S Coating Specialties, Inc.

AMY, Judge.

The claimant filed for modification of a judgment denying workers' compensation benefits. The defendant filed an exception of res judicata pursuant to La.R.S. 23:1310(E). The workers' compensation judge sustained the defendant's exception. The claimant appeals. For the following reasons, we affirm.

**Factual and Procedural Background**

The claimant, Brock Dore, originally filed a disputed claim for compensation against his employer, S & S Coating Specialties, Inc., alleging he injured his neck and shoulder while working for the employer on December 22, 2003. On October 13, 2006, a hearing was held in which the workers' compensation judge denied benefits related to the claimant's alleged disc injury. That ruling was affirmed by this court. *See S & S Coating Specialties v. Dore*, 07-745 (La.App 3 Cir. 12/5/07), 971 So.2d 491. On September 29, 2007, the claimant filed another disputed claim for compensation seeking indemnity and medical benefits for his December 22, 2003, accident. In his second claim, the claimant alleged that his medical condition had deteriorated since the original ruling, thus necessitating disc surgery. He contends he is entitled to a modification of his previous judgment in accordance with La.R.S. 23:1310.8(B). The defendant filed a peremptory exception of res judicata alleging that La.R.S. 23:1310.8(E) precludes the plaintiff from bringing an action to modify the previous judgment denying the claimant benefits. At the hearing on December 12, 2008, the workers' compensation judge sustained the defendant's exception of res judicata. The claimant now appeals.

**Discussion**

The claimant contends that the workers' compensation judge erred in sustaining the exception of res judicata based upon its finding that the original

judgment did not constitute an award upon which a modification judgment may be made. The claimant asserts that the workers' compensation judge originally found that he was disabled for four days and that it recognized that S & S's payment of medical bills was proper. He contends these findings constitute an award for the purposes of La.R.S. 23:1310.8(B).

Louisiana Revised Statutes 23:1310.8(B) provides:

> Upon the application of any party in interest, on the ground of a change in conditions, the workers' compensation judge may, after a contradictory hearing, review any award, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in the Workers' Compensation Act, and shall state his conclusions of fact and rulings of law, and the director shall immediately send to the parties a copy of the award.

Louisiana Revised Statutes 23:1310.8(E) provides, however, that "[a] judgment denying benefits is res judicata after the claimant has exhausted his rights of appeal."

Further, Louisiana's res judicata statute, La.R.S. 13:4231, reads:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

2

The issue here is whether the workers' compensation judge erred in sustaining S & S's exception of res judicata based upon a finding that no original award was granted. The workers' compensation judge's reasons for ruling reveal specific findings regarding the alleged disability. The record evidences that the workers' compensation judge made a distinction between two alleged injuries, specifically, injuries allegedly resulting in disc abnormalities and injuries allegedly resulting in muscle strain. With regards to the disc abnormalities, the workers' compensation judge stated:

> Considering the problems with Dore's credibility, the WCJ is unwilling to give Dore any benefit of the doubt that his is the unique case where the symptoms are on the opposite side of the protrusions. Therefore the WCJ does not relate Dore's cervical disc abnormalities to his work related accident.

In regards to muscle strain, the workers' compensation judge stated:

> This leads to the question of whether Dore sustained a right-sided muscle strain as a result of the accident. Dr. Dellanger gave Dore a four-day release the day of the accident. The WCJ believes this is a reasonable period of disability. The depositions of the physicians clearly establish that the remainder of Dore's complaints could just a [sic] likely be as [a] result of his previous problems and general physical condition. The record does not preponderate that Dore sustained any injury beyond the four-day work release as the result of the work-related accident, either directly or by aggravation of the pre-existing condition. The employer has paid the medical bills associated with Dore's intial emergency room visit, and therefore, no further benefits are owed.

As determined by the workers' compensation judge, the claimant failed to carry his burden of proof in the original proceeding to establish that a disc abnormality was caused or aggravated by his work-related accident. In a workers' compensation case, a claimant must prove not only that an accident occurred, but that the accident was causally related to the disability claim. *Baker v. Conagra Broiler Co.*, 93-1230

(La.App. 3 Cir. 5/4/94), 640 So.2d 494, *writ denied*, 94-1435 (La. 9/23/94), 642 So.2d 1289.

In this case, the workers' compensation judge determined that while the claimant may have exhibited disc abnormalities, the abnormalities were not related to his work accident. This determination was affirmed by this court. *See S & S Coating Specialties*, 971 So.2d 491. Thus, the workers' compensation judge made no award of benefits relating to Dore's alleged disc abnormalities. At the hearing on the peremptory exception, the workers' compensation judge clarified that the original ruling was not an award, stating:

> So I don't think there is any change of condition as anticipated by the statute and I do find that there was a judgment denying benefits and that the matter is therefore res judicata.

The record supports the determination that no award was intitally made for the alleged disability, and, thus, a modification of that ruling to allow a disc-related surgery was barred by res judicata. *See* La.R.S 23:1310.8(E).

The claimant argues that this case is similar to *Jackson v. Iberia Parish Government*, 98-1810 (La. 4/16/99), 732 So.2d 517, wherein the supreme court determined that res judicata did not preclude a suit to modify a prior judgment even if that judgment determined that claimant's disability terminated before trial and the judgment was satisfied. The present case differs from *Jackson*. In *Jackson*, the claimant was seeking a modification of the original judgment claiming his condition has worsened, an original condition determined by the hearing officer to constitute a compensable injury. In this case , however, the original ruling found no work-related nexus to any disc abnormality. The language of La.R.S. 23:1310.8(B) clearly requires

4

a prior award of compensation before a hearing officer has the authority to modify that award. *Matthews v. Farley Indus.*, 95-1387 (La. 2/28/96), 668 So.2d 1144.

This assignment of error lacks merit.

## DECREE

The ruling granting defendant's exception of res judicata is affirmed. Costs of this proceeding are assessed to the claimant-appellant.

**AFFIRMED.**