760 So.2d 500 (2000)
Ray D. WISE
v.
H.B. ZACHARY COMPANY.
No. 00-CA-3.
Court of Appeal of Louisiana, Fifth Circuit.
April 25, 2000.
*501 Daniel W. Nodurft, Metairie, Louisiana, Attorney for Plaintiff/Appellant.
George J. Richaud, New Orleans, Louisiana, Attorney for Defendant/Appellee.
Panel composed of Judges CHARLES GRISBAUM, Jr., THOMAS F. DALEY and SUSAN M. CHEHARDY.
DALEY, Judge.
After plaintiffs workers' compensation benefits were discontinued and his request for further medical treatment was denied, he filed a claim for additional benefits and medical treatment. Following a trial, his claim was dismissed by the trial court. He timely filed this appeal.

FACTS:
The plaintiff was employed as a pipe fitter for the defendant. The parties stipulated that on June 24, 1996 he was struck in the right hand by a drill which was spinning out of control. He sustained a fracture to the fourth metacarpal of his right hand. Mr. Wise testified that he was initially treated by an orthopedist, Dr. Chris DiGrado. The fracture healed, but Mr. Wise continued to experience pain in his right hand and wrist, and had difficulty with grip function. After several months of treatment, Dr. DiGrado referred Mr. Wise to a hand specialist, Dr. Harold Stokes. Dr. Stokes ordered several diagnostic tests be performed. Dr. Stokes concluded Mr. Wise had reached maximum medical improvement and released him to return to work in an "unrestricted fashion" on May 6, 1997. At this point, Mr. Wise's worker's compensation benefits were stopped.
Mr. Wise testified that in the meantime, he had been discharged from his job with the defendant. He worked as a pipe fitter for another company from August 1997 until April 1998. He explained that he left this position because he continued to have difficulty using his right hand and was unable to fully perform his job duties. Mr. Wise further testified that in March 1998, he sought treatment from another hand specialist, Dr. Edward Campbell. Dr. Campbell explained to Mr. Wise that he could perform surgery on his wrist which would increase his hand function. When the defendant denied further compensation payments and medical treatment, Mr. Wise filed the instant claim.
The deposition and medical records of Dr. Campbell were entered into evidence. Dr. Campbell testified that the nerves in Mr. Wise's right wrist and forearm are compressed. This has caused the muscles in his hand to atrophy. Dr. Campbell recommended surgery to release these nerves. He testified that without the surgery, Mr. Wise will lose a significant portion of his hand function. Dr. Campbell opined that the nerve problems in Mr. Wise's wrist and forearm are a result of the 1996 drill injury.
The deposition and records of Dr. Stokes were also admitted into evidence. Dr. Stokes explained that he was asked to examine Mr. Wise following Dr. Campbell's recommendation of surgery. He examined Mr. Wise in September 1998. Dr. Stokes testified that he cannot relate the nerve involvement in Mr. Wise's right arm to the 1996 drill incident. Dr. Stokes explained that the fact that three nerves are involved, makes it more likely that the condition has been caused by a disease process rather than trauma.
At the conclusion of the testimony, Judge Vandenweghe ordered the plaintiff be examined by a hand specialist appointed by the Workers' Compensation Medical Director. As a result of this order, Dr. Donald Faust examined Mr. Wise. Dr. Faust issued a report which was made *502 part of the record. Dr. Faust stated that Mr. Wise's nerve conduction studies show an abnormality of the nerves, but his examination showed no clinical corresponding deficits. Dr. Faust further stated Mr. Wise had only subjective weakness, no atrophy, and poorly localized discomfort. Dr. Faust opined Mr. Wise was not a candidate for any surgical procedures. Dr. Faust stated he would not restrict Mr. Wise's activities in any way.
During the interim, Judge Vandenweghe resigned as a hearing officer in the workers' compensation court, and Judge Grout was appointed to take her place. Judge Grout concluded the trial and dismissed plaintiff's claim based on Dr. Faust's report. The plaintiff has appealed that judgment, claiming the trial court erred in failing to award further medical treatment and compensation benefits.

DISCUSSION:
Our review of workers' compensation cases is governed by the manifest error standard, that is, we may not set aside the trial court's finding of fact in absence of "manifest error" or unless it is "clearly wrong." Fontenot v. J.K. Richard Trucking, 97-220 (La.App. 3rd Cir., 6/4/97), 696 So.2d 176. In applying this standard the appellate court must determine whether the factfinder's conclusion was a reasonable one, after reviewing the record in its entirety. Id. After reviewing the record, an appellate court may only set aside a hearing officer's factual findings if there is no reasonable factual basis for the hearing officer's findings and they were clearly wrong. Kennedy v. Martin Gas Transport. Co., Inc. 96-100 (La.App. 3rd Cir., 8/21/96), 680 So.2d 1195. Where a conflict exists in the testimony, reasonable inferences of fact should not be disturbed on appeal, even though the appellate court may feel its own evaluations and inferences are more reasonable than the fact finder's. Fontenot, supra.
Pursuant to R.S. 23:1123, the trial judge in this case ordered an independent medical examination by Dr. Faust. R.S. 23:1123 provides that the report and conclusions from this examination shall be "prima facie evidence of the facts therein stated in any subsequent proceedings under this Chapter." While we recognize that the treating physicians' opinions are to be given substantial weight, the statute clearly required the appointed expert's opinion to be considered as prima facie evidence. Fritz v. Home Furniture-Lafayette, 95-1705 (La.App. 3 Cir. 7/24/96), 677 So.2d 1132.
In the case at bar, the medical evidence was clearly in conflict over whether Mr. Wise's nerve condition was caused by the 1996 drill incident. Dr. Campbell testified that the plaintiff had significant nerve compression in his right arm, which could be relieved by surgery. Dr. Campbell opined the nerve condition was a result of the 1996 drill incident. Dr. Stokes agreed that there was nerve compression in Mr. Wise's wrist and forearm, but stated that he could not relate this condition to the drill incident. Dr. Faust examined Mr. Wise, and reviewed all of Mr. Wise's medical records. Dr. Faust acknowledged the nerve conduction studies showed evidence of nerve abnormalities in the right arm, however, Dr. Faust found no corresponding deficits during the examination of Mr. Wise. Dr. Faust concluded that Mr. Wise was not in need of surgery and did not need to restrict his activities.
After a thorough review of the record, and applying the well-settled rules of appellate review, we cannot say that the trial court committed manifest error in relying on Dr. Faust's report and dismissing Mr. Wise's claim for medical benefits and compensation. This finding is reasonable and is supported by the record.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.