WALTER J. ROTHSCHILD, Judge.
|2On April 13, 2007, claimant, Waylon Lopez, was injured in a motor vehicle accident while in the course and cope of his employment as a truck driver for Marques Food Distributors (“Marques”). Mr. Lopez began receiving worker’s compensation indemnity benefits after the accident. In April 2008, Mr. Lopez had surgery on his right shoulder and, in August 2008, he had surgery on his left shoulder.
According to Marques, while paying indemnity benefits, it attempted to determine Mr. Lopez’s medical status, but Mr. Lopez would not cooperate. On April 9, 2009, Marques filed a disputed claim with the Office of Worker’s Compensation, asserting that there was a dispute as to Mr. Lopez’s disability status and non-compliance with the employer, including the need for a second medical examination and his refusal to provide medical reports to Marques. Marques also asserted that non-emergency treatment was obtained without prior request or approval, so it was only liable for the fees set forth in LSA-R.S. 23:1142.
On June 4, 2009, Mr. Lopez filed a disputed claim contending that Marques and its insurer refused to pay for surgeries that were requested and subsequently | aperformed, and asserting that he is entitled to a lumbar discogram and surgery that were recommended by his physician, and seeking penalties and attorney fees.
*1251 This case came for trial before the worker’s compensation judge on July 29, 2010. At trial, Marques voluntarily dismissed its disputed claim, indicating that the relief sought had been satisfied, and the matter proceeded on Mr. Lopez’s disputed claim. At the conclusion of trial, the case was left open for submission of post-trial briefs. On October 11, 2010, the worker’s compensation judge rendered a judgment. Thereafter, a Motion for New Trial was filed, and on November 22, 2010, an Amended Judgment was rendered by the worker’s compensation judge. In this judgment, the worker’s compensation judge found that:
1) Waylon Lopez was injured by accident during the course and scope of his employment with Marques Food Distributors on April 13, 2007;
2) Mr. Lopez is entitled to the payment of medical expenses, medication expenses, and transportation expenses, in accordance with law;
3) The two surgical procedures were reasonable and necessary and connected to the work-related injury of April 13, 2007;
4) Defendants have failed to authorize and reasonably controvert Mr. Lopez’s entitlement to the two surgical procedures, without good cause;
5) A penalty in the amount of $2,000.00 is assessed for failure to authorize the right shoulder surgery;
6) Another penalty in the amount of $2,000.00 is assessed for failure to authorize the left shoulder surgery;
7) Attorney fees are assessed in the amount of $4,000.00;
8) All costs and interest are to be paid by defendants, subject to a credit for any benefits paid by them, in accordance with law.
Marques has filed an appeal from the worker’s compensation judge’s Amended Judgment, and Mr. Lopez has filed an Answer to the Appeal.

LAW AND DISCUSSION

In its first assignment of error, Marques claims that the worker’s compensation judge erred in finding that Marques failed to authorize the right shoulder surgery without good cause, because the record does not contain any documentation from the treating physician or claimant requesting authorization for that surgery. In its second assignment of error, .Marques claims that the worker’s |,(Compensation judge erred in finding that Marques failed to authorize the left shoulder surgery without good cause, because the record does not contain any documentation from the treating physician or claimant requesting authorization for that surgery.
Marques claims that there is no documentation or other evidence that Dr. Fin-ney or Mr. Lopez requested authorization for either shoulder surgery and thus, he is limited to recovery of $750.00 for non-emergency treatment performed without the consent of the payor, pursuant to LSA-R.S. 23:1142(B)(1). Mr. Lopez responds that authorization for both surgeries was requested, but Marques failed to respond or authorize the surgeries. The parties stipulated that both shoulder surgeries were paid for by Mr. Lopez’s attorney.
The appellate court’s review of a workers’ compensation case is governed by the manifest error or clearly wrong standard. Bruno v. Harbert International, Inc., 593 So.2d 357, 361 (La.1992). This standard precludes setting aside a trial court’s finding of fact in the absence of manifest error or unless it is clearly wrong. Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880, 882 (La.1993); Rosell v. ESCO, 549 So.2d *1252 840, 844 (La.1989). In applying the manifest error standard, we need not determine whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. Stobart, 617 So.2d at 882; Seidl v. Zatarain’s, Inc., 05-780, p. 3, (La.App. 5 Cir. 3/28/06), 927 So.2d 557, 558-59. As the Louisiana Supreme Court has stated, “If the trial court or jury’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.” Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106, 1112 (La.1990); Prevost v. Interior Gardens, Inc., 04-0274 at 3—4, (La.App. 4 Cir. 10/6/04), 887 So.2d 522, 524.
[,In the present case, Marques contends that neither Mr. Lopez nor his physician made a request for authorization for the right shoulder surgery performed in April 2008. It asserts that Mr. Lopez was seen by Dr. Finney in November 2007, and surgery to repair his right rotator cuff was scheduled for December 2007, though it was later cancelled. Mr. Lopez saw Dr. Finney again on March 21, 2008, and the right shoulder surgery was performed on April 3, 2008. Marques argues that no one sought authorization at any time prior to this surgery and that even Mr. Lopez admitted that he did not contact the worker’s compensation adjuster to seek authorization or inform her that the surgery had been scheduled. Marques asserts that there is no documentation or evidence in Dr. Finney’s records suggesting that authorization for this surgery was requested.
At trial, Waylon Lopez testified that although the right shoulder surgery was scheduled for December 27 or 28, 2007, it was cancelled because the physician did not receive payment for the surgery from the worker’s compensation provider. Mr. Lopez testified that his attorney requested authorization for the surgery in writing and attached medical records to the request. He admitted, however, that he did not see the written request for authorization for the right shoulder surgery. Mr. Lopez assumed that his attorney contacted the worker’s compensation adjuster to let her know that the surgery was re-scheduled for April 2008. Mr. Lopez also testified that a request for the left shoulder surgery was made, but it was not paid for by the worker’s compensation provider, so his attorney paid for this surgery as well.
A redacted copy of the worker’s compensation adjuster’s claims file was admitted into evidence without objection at the beginning of the trial. This file primarily contains copies of emails and notes pertaining to Mr. Lopez’s claim, and Rellene Graci was the adjuster primarily assigned to Mr. Lopez’s case. In Ms. Graci’s December 20, 2007 notes, she indicated that Mr. Lopez’s attorney was ^asking for authorization for surgery. On January 28, 2008, Rellene Graci noted that she held some medical documents “due to the request for surgery.” In a January 28, 2008 email to Cindy Gendron, who is the nurse case manager that was assigned to the case by the worker’s compensation adjuster, Ms. Graci wrote that Dr. Finney’s November 19, 2007 records indicate that he recommended surgery. She stated that she did not think the surgery had been done yet, because Mr. Lopez’s attorney “is now requesting we approve it.” She then asked Ms. Gendron to let her know if she saw any reason that the right shoulder surgery should not be approved. She also noted that Dr. Steiner said arthroscopy of the right shoulder would be appropriate, but there was still a question as to whether *1253 Dr. Steiner or Dr. Finney recommended left shoulder surgery.
Ms. Graci’s notes from August 26, 2008 indicate that she spoke with Mr. Lopez’s attorney, who indicated that Mr. Lopez had already had the right rotator cuff surgery and that he was scheduled for another surgery on August 28, 2008. She stated that she informed Mr. Lopez’s attorney that there were questions of causation and Dr. Finney would not meet with them, so that is the main reason that the surgery was not approved. It is unclear whether she was referring to the right or left shoulder surgery.
The nurse case manager, Cindy Gen-dron, testified that as of December 31, 2007, she was not aware that any request for surgery had been made by Mr. Lopez.
Based on her findings, the worker’s compensation judge apparently believed that requests for right and left shoulder surgeries had been made and were denied or ignored. Considering the evidence presented, we cannot say that the worker’s compensation judge was manifestly erroneous in these findings. Accordingly, we find that the first and second assignments of error are without merit.
17In its third assignment of error, Marques contends that the worker’s compensation judge erred in not limiting the amount to be paid for the shoulder surgeries to $750.00, as required by LSA-R.S. 23:1142(B),[1] because they were for non-emergency treatment without prior authorization. Marques argues that the lack of a request for authorization for the shoulder surgeries triggers the provisions of LSA-R.S. 23:1142(B), and the employer can be held to pay no more than $750 for the surgeries. However, because we cannot say the worker’s compensation judge was manifestly erroneous in finding that Mr. Lopez did seek authorization for the shoulder surgeries, this argument is without merit. LSA-R.S. 23:1203 requires the employer to pay all necessary and reasonable medical expenses. Scuderi v. Crazy Johnnie Cafe, Inc., 02-243 (La.App. 5 Cir. 10/16/02), 831 So.2d 1037, 1045. The worker’s compensation judge found the two surgeries to be reasonable and necessary and connected to the work-related accident.
In its fourth assignment of error, Marques argues that the worker’s compensation judge erred in assessing penalties for the failure of the employer to authorize the two shoulder surgeries, because LSA- *1254 R.S. 23:1142(D)[2] does not | ¡¡provide for the provision of penalties. However, LSA-R.S. 23:1201 allows for the imposition of penalties for failure to pay worker’s compensation benefits when the claim is not reasonably controverted. In the present case, the worker’s compensation judge did not indicate that penalties were imposed pursuant to LSA-R.S. 23:1142.
One purpose of the workers’ compensation statutes is to promptly provide compensation and medical benefits to an employee who suffers injury within the course and scope of employment. Authement v. Shappert Engineering, 02-1631, p. 8, (La.2/25/03), 840 So.2d 1181, 1187. The employer is obligated to “furnish all necessary drugs, supplies, hospital care and services, medical and surgical treatment, and any nonmedical treatment recognized by the laws of this state as legal.” Id.; LSA-R.S. 23:1203(A). A failure to authorize treatment can result in the imposition of penalties and attorney fees except when the claim is reasonably controverted. Depending on the circumstances, a failure to authorize treatment is effectively a failure to furnish treatment. Authement, 02-1631 at 8, 840 So.2d at 1187.
The failure to authorize a medical procedure for an employee otherwise eligible to receive workers’ compensation is deemed to be the failure to furnish compensation benefits, thereby subjecting the employer to an assessment of attorney fees and penalties, unless the claim is reasonably controverted or such nonpayment results from conditions over which the employer had no control. LSAR.S. 23:1201; Sims v. BFI Waste Services, L.L.C., 06-1319, p. 11 (La.App. 1 Cir. 5/16/07), 964 So.2d 998, 1005. To determine whether a claim has been reasonably controverted, thereby precluding imposition of penalties and attorney’s hfees, a court must ascertain whether the employer or insurer engaged in a nonfrivolous legal dispute or possessed factual or medical information to reasonably counter the factual and medical information presented by the claimant throughout the time the employer/insurer refused to pay all or part of the benefits allegedly owed. Brown v. Texas-LA Cartage, Inc., 98-1063 (La.12/1/98), 721 So.2d 885, 890; Sevin v. Chevrolet, 08-1362, p. 15 (La.App. 1 Cir. 4/30/09), 24 So.3d 879, 889.
The testimony and evidence in the record before us shows that Marques and its insurer apparently had a difficult time obtaining all of the medical records they sought. Nevertheless, Marques did not dispute that a work-related accident occurred and that his claim for worker’s compensation benefits was compensable. Further, the record shows that Marques and its insurer had medical records indicating that the shoulder surgeries were recommended. The record does not show that Marques or its insurer had factual or medical information to reasonably counter the medical information presented by the claimant when they refused to authorize the surgeries.
*1255 Accordingly, considering the record before us, we cannot say that the worker’s compensation judge erred in assessing penalties against defendants for failing to authorize the two surgeries.
Finally, in its fifth assignment of error, Marques contends that the worker’s compensation judge erred in applying the incorrect standard for assessing attorney fees under LSA-R.S. 23:1142. The worker’s compensation judge found that the employer failed to authorize the surgeries “without good cause,” but LSA-R.S. 23:1142(D) provides that the court may award attorney fees when it is determined Imthat “the withholding of such consent was arbitrary and capricious, or without probable cause.”
Although the worker’s compensation judge found that defendants failed to authorize the surgical procedures “without good cause,” she also stated that they failed to reasonably controvert the claim. As stated above, attorney fees and penalties are authorized when an employer fails to authorize a medical procedure and the claim is not reasonably controverted. Further, if the worker’s compensation judge found that defendants failed to authorize the surgeries “without good cause,” it stands to reason that she did not find there to be “probable cause” for failure to authorize the surgeries.
Accordingly, we find this argument by Marques to be unpersuasive and without merit.
On April 21, 2001, Mr. Lopez filed an Answer to Appeal, seeking an increase in the amount of penalties and attorney fees awarded, additional penalties and attorney fees for failure to pay for a discogram, and additional attorney fees and costs for this appeal. However, based on the record before us, we find that Mr. Lopez has not shown that he is entitled to the relief sought.

DECREE

For the foregoing reasons, we affirm the worker’s compensation judge’s November 22, 2010 Amended Judgment. We deny Mr. Lopez’s requests in his Answer to Appeal.

AFFIRMED.

. LSA-R.S. 23:1142(B) provides:
(1) Except as provided herein, each health care provider may not incur more than a total of seven hundred fifty dollars in nonemergen-cy diagnostic testing or treatment without the mutual consent of the payor and the employee as provided by regulation. Except as provided herein, that portion of the fees for non-emergency services of each health care provider in excess of seven hundred fifty dollars shall not be an enforceable obligation against the employee or the employer or the employer's workers’ compensation insurer unless the employee and the payor have agreed upon the diagnostic testing or treatment by the health care provider.
(2)(a) When the payor has agreed to the diagnostic testing or treatment, the health care provider shall not issue any demand for payment to the employee or his family until the payor denies liability for the diagnostic testing or treatment. Notwithstanding the foregoing, the health care provider may reasonably communicate with the employee or his attorney or representative for the purpose of pursuing its claim against the payor.
(b) A health care provider who knowingly and willfully violates this Paragraph may be ordered by the workers’ compensation judge to pay penalties not to exceed two hundred fifty dollars per violation plus reasonable attorney fees. The penalty shall not exceed one thousand dollars for any demand for payment to an employee or his family which is issued after the health care provider has been penalized for a previous demand for payment to that employee or his family.

. LSA-R.S. 23:1142(D) provides:
If the payor has not consented to the request to incur more than a total of seven hundred fifty dollars for any and all non-emergency diagnostic testing or treatment when such consent is required by this Section, and it is determined by a court having jurisdiction in an action brought either by the employee or the health care provider that the withholding of such consent was arbitrary and capricious, or without probable cause, the employer or the insurer shall be liable to the employee or health care provider bringing the action for reasonable attorney fees related to this dispute and to the employee for any medical expenses so incurred by him for an aggravation of the employee’s condition resulting from the withholding of such health care provider services.