SUSAN M. CHEHARDY, Chief Judge.
12This is the second appeal in this matter. On appeal, the employer, Marques Food Distributors (“Marques”) seeks review of the judgments allowing psychological treatment and supplemental earnings benefits. For the following reasons, we affirm.

*1134
Facts and Procedural History

On April 13, 2007, claimant, Waylon Lopez, was in a motor vehicle accident while in the course and scope of his employment as a truck driver for Marques Food Distributors. As a result of his accident, Mr. Lopez suffered injuries to both shoulders and his back. In April 2008, Mr. Lopez had surgery on his right shoulder and, in August 2008, he had surgery on his left shoulder.
On June 4, 2009, Mr. Lopez filed a disputed claim for compensation contending that Marques and its insurer refused to pay for surgeries, which were requested and subsequently performed, and further asserting that he is entitled to more testing and surgery recommended by his physician. Mr. Lopez also sought penalties and attorney fees.
|aOn July 29, 2010, Mr. Lopez’s disputed claims came for trial before the workers’ compensation judge. On October 11, 2010, the workers’ compensation judge rendered a judgment. Subsequently, the workers’ compensation judge granted the motion for new trial and rendered an amended judgment, as follows:
(1) Waylon Lopez was injured by accident during the course and scope of his employment with Marques Food Distributors on April 13, 2007.
(2) Mr. Lopez is entitled to the payment of medical expenses, medication expenses, and transportation expenses, in accordance with law.
(3) The two surgical procedures were reasonable and necessary and connected to the work-related injury of April 13, 2007.
(4) Defendants have failed to authorize and reasonably controvert Mr. Lopez’s entitlement to the two surgical procedures, without good cause.
(5) A penalty in the amount of $2,000.00 is assessed for failure to authorize the right shoulder surgery.
(6) Another penalty in the amount of $2,000.00 is assessed for failure to authorize the left shoulder surgery.
(7) Attorney fees are assessed in the amount of $4,000.00.
(8) All costs and interest are to be paid by defendants, subject to a credit for any benefits paid by them, in accordance with law.
Marques appealed, alleging that the workers’ compensation judge erred in finding that Marques failed to authorize claimant’s shoulder surgeries without good cause, because the record does not contain any documentation from the treating physician or claimant requesting authorization for either surgery. This Court found that the workers’ compensation judge was not manifestly erroneous in finding that Marques failed to authorize the claimant’s shoulder surgeries without good cause. Lopez v. Marques Food Distributors, 11-424 (La.App. 5 Cir. 12/28/11), 80 So.3d 1248, 1253, reh’g denied (2/7/12).
Marques further argued that the workers’ compensation judge erred in not limiting the amount to be paid for the shoulder surgeries to $750.00, as required by La. R.S. 23:1142(B), because the surgeries were non-emergency treatment without |4prior authorization. This Court upheld the trial judge’s finding that Mr. Lopez did seek authorization for the shoulder surgeries that were reasonable and necessary and connected to the work-related accident and, thus, compensable. Id. Finally, Marques argued that the workers’ compensation judge erred in assessing penalties and attorney fees for the employer’s failure to authorize the two shoulder surgeries. This Court found no error in the workers’ compensation judge’s assessment of penalties and attorney fees for failing to *1135 authorize claimant’s shoulder surgeries. Id. at 1254.
Meanwhile, on September 14, 2010, Mr. Lopez filed another disputed claim for compensation contending that Marques arbitrarily and capriciously refused to pay for an IME and recommended psychological evaluation and treatment, refused to address claimant’s disability status, and terminated indemnity benefits without cause after September 3, 2010.[1] Claimant sought payment of benefits, penalties, and attorney fees.
On December 28, 2010, Marques excepted to Mr. Lopez’s second claim on the basis of res judicata and denied claimant’s entitlement to disability status or benefits. On January 20, 2011, Mr. Lopez’s claims came for trial and the workers’ compensation judge took the matter under advisement.
On March 23, 2011, the workers’ compensation judge denied Marques’ exception and issued its judgment finding that Mr. Lopez’s claims for psychiatric and psychological treatment were “reasonable and necessary and connected to the work related injury of April 13, 2007.” Further, the workers’ compensation judge found that Marques failed to reasonably controvert claimant’s entitlement to said treatment without good cause and, thus, was assessed penalties of $2,000.00 and attorney fees of $3,000.00. The workers’ compensation judge further found that |,«¡Marques was not arbitrary or capricious in its termination of benefits after September 3, 2010 and ordered Marques to pay all costs and interest. Finally, the workers’ compensation judge ordered Mr. Lopez to “submit to a functional capacity evaluation [FCE] to facilitate a return back to work.”
On May 17, 2011, the workers’ compensation judge issued its reasons for judgment, which contained the following findings of fact:
(1) The claimant is entitled to the payment of psychiatric and psychological treatment in connection with the injury of April 13, 2007.
(2) Defendant failed to reasonably controvert claimant’s entitlement to the psychiatric/psychological treatment without good cause.
(3) Penalties and attorney’s fees are assessed in accordance with the judgment for failure to authorize psychiatric/psychological treatment.
(4) Defendants were not arbitrary and capricious in their termination of indemnity benefits in September of 2010.
(5) The claimant is still disabled and he is entitled to continuing temporary total disability benefits arising from the accident of April 13, 2007.
(6) The claimant is still entitled to the payment of medical expenses, medication expenses, and transportation expenses, in accordance with law, arising from the injury of April 13, 2007.
(7) The defendant is entitled to a credit for any benefits paid by them in accordance with the law.
(8) The claimant shall submit to a func-. tional capacity evaluation for facilitation of his return back to work.
The workers’ compensation judge further found that the medical reports were conflicting regarding claimant’s ability to work so Marques was not arbitrary and capricious in terminating benefits. However, the workers’ compensation judge noted that claimant’s primary treating physician reported that claimant was unable to work, which should have been given greater weight, and indemnity and medical benefits should not have been terminated.
*1136 Meanwhile, Mr. Lopez timely filed a Motion for New Trial, alleging that the March 23, 2011 judgment, which was silent regarding reinstatement of indemnity 1 ^benefits, was inconsistent because it ordered further treatment and testing yet failed to reinstate benefits. Further, Mr. Lopez contended that the trial court erred in finding that Marques was not arbitrary and capricious in its termination of claimant’s benefits. Finally, Mr. Lopez contends that the trial court erred in ordering a functional capacity evaluation, which neither party requested, because an evaluation of that nature is premature.
On May 26, 2011, the workers’ compensation judge granted claimant’s Motion for New Trial for purposes of re-argument related only to reinstatement of indemnity benefits. After hearing claimant’s motion and taking the matter under advisement, the workers’ compensation judge issued judgment on January 31, 2012 in favor of claimant finding that he was entitled to (1) temporary total disability benefits from September 3, 2010 until December 16, 2010 and (2) supplemental earnings benefits from December 16, 2010 for any time period that claimant did not earn 90% of his pre-injury wages. The judge further cast Marques in judgment for costs and interest.

Law and Argument

Marques now appeals that judgment assigning four errors: first, the trial court erred in not dismissing the claims related to psychiatric treatment as barred by res judicata; second, the trial court erred in not dismissing the claims related to psychiatric treatment following claimant’s case in chief as no evidence was offered on a prescription, request, or referral for such; third, the trial court erred in awarding any penalties and/or attorney fees on the psychiatric claim as no evidence was offered that a request for approval of psychiatric treatment was presented to defendant; and, finally, the trial court erred in finding claimant was entitled to supplemental earnings benefits as claimant did not show a loss of wages caused by any disability resulting from the accident at issue.
|7The Workers’ Compensation Act set up a court-administered system to aid injured workmen by relatively informal and flexible proceedings. Rhodes v. Lewis, 01-1989 (La.5/14/02), 817 So.2d 64. The provisions of the workers’ compensation law are to be interpreted liberally in favor of the worker. Coats v. AT & T, 95-2670 (La.10/25/96), 681 So.2d 1243.
The determinations by the workers’ compensation judge as to whether the claimant’s testimony is credible and whether the claimant has discharged his burden of proof are factual determinations and will not be disturbed upon review in the absence of manifest error or unless clearly wrong. Bruno v. Harbert Int’l, Inc., 593 So.2d 357, 361 (La.1992). Factual findings in a workers’ compensation case are subject to the manifest error or clearly wrong standard of appellate review. Banks v. Industrial Roofing and Sheet Metal, 96-2840 (La.7/1/97), 696 So.2d 551, 556.
The reviewing court is compelled to review the record in its entirety to determine whether the trial court’s finding was clearly wrong or manifestly erroneous. Wise v. H.B. Zachary Co., 00-3 (La.App. 5 Cir. 4/25/00), 760 So.2d 500. In applying the manifest error/clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. Id.
In its first assignment of error, Marques argues that the trial court erred in not dismissing the claims related to psychiatric treatment as barred by res judicata. Marques maintains that Mr. Lopez’s claims for psychiatric treatment were *1137 present before trial on the merits on July 29, 2010 so res judicata bars re-litigation of those claims.
Generally, to promote judicial efficiency and dispute resolution, res judica-ta bars re-litigation, after a final judgment, of any subject matter arising from the Issame transaction or occurrence of a previous suit.[2] Workers’ compensation judgments, however, are treated differently from ordinary judgments because the flexibility of the workers’ compensation system would be greatly restricted if the rules of finality applied to ordinary civil judgments were applied to workers’ compensation judgments. Falgout v. Dealers Truck Equipment Co., 98-3150 (La.10/19/99), 748 So.2d 399, 405.
In Falgout, the Louisiana Supreme Court explained the concept of modification in workers’ compensation cases as follows:
“The entire compensation scheme instigated by the Legislature strongly envisions that compensation shall be made during the entire period of disability so long as the maximum period is not exceeded.” Landreneau v. Liberty Mutual Insurance Co., 309 So.2d 283, 285 (La.1975). Within the entire scheme, the concept of modification is unique because it allows a case to be reopened and the award amended after the judgment becomes final. “The power of modification, while not a substitute for the appellate process, exists for the purpose of modifying awards due to a change in the workers’ condition.” Jackson v. Iberia Parish Government, 98-1810 (La.4/16/99), 732 So.2d 517, 524. The purpose of the modification statute is to allow adjustments to be made after judgment “to insure that the employee will be paid compensation during the full period of his disability and that the employer will not be required to pay for any longer than this period of disability.” Landreneau at 285.
Id. at 405.
In Jackson v. Iberia Parish Government, supra, the Louisiana Supreme Court reiterated the validity of this policy, holding that, where the legislature has expressly provided that an award or judgment can be subject to a claim of modification, res judicata does not apply.[3] In Jackson, the supreme court |arecognized that “the principles of res judicata ‘are not ironclad, but must be applied to accomplish justice in the light of public policy.’ ” Id., 732 So.2d at 524 (citation omitted). The court further established that the modification statute is to be liberally construed in favor of the claimant. Id.
In the present case, the record reflects that Mr. Lopez’s claims for psychiatric treatment were introduced at the trial on the merits. At trial, claimant’s treating physician testified and the evidence reflected that he wrote three requests for a *1138 physician referral for “psychological consults” for the claimant.[4] The claims, although presented at trial, were not addressed in the judgment.[5]
Three avenues are available to a party seeking to alter the substance of a final judgment: (1) timely application for a new trial, (2) timely appeal, and (3) petition for nullity. Boudreaux v. Prod. Mgmt., Inc., 94-960 (La.App. 5 Cir. 11/15/95), 665 So.2d 497, 499, aff'd after remand, (La.App. 5 Cir. 10/1/96), 683 So.2d 785. In this case, immediately after judgment was rendered, Mr. Lopez moved for a new trial and/or clarification of the judgment on the issue of his psychiatric claims, which adequately preserved those claims for modification by the trial court. Thus, after our thorough review of the record, we find no error in the workers’ compensation judge’s ruling that Mr. Lopez’s psychiatric claims were not barred by res judicata. See, Schindler v. Orleans Reg’l Sec. Inst. Inc., 04-984 (La.App. 4 Cir. 1/12/05), 891 So.2d 115, 116-18, writ denied, 05-0389 (La.3/11/05), 896 So.2d 50.
In its second assignment of error, Marques argues that the trial court erred in not dismissing the claims related to psychiatric treatment following claimant’s case in chief as no evidence was offered on a prescription, request, or referral for such | ^treatment. As noted previously, the record reflects that claimant’s treating physician wrote three requests for a physician referral for “psychological consults” for the claimant. Thus, we find no error in the workers’ compensation judge’s finding that the record contained sufficient evidence of Mr. Lopez’s claims for psychiatric treatment. This assignment of error lacks merit.
In its third assignment of error, Marques argues that the trial court erred in awarding penalties and attorney fees for failure to authorize psychiatric or psychological treatment. Marques insists that Mr. Lopez’s physician did not present any requests for psychiatric/psychological treatment.
Workers’ compensation law provides that an employer may reasonably controvert a disputed claim for medical benefits. La. R.S. 23:1201(F)(2). An “employer must rely on competent medical advice when the decision to deny medical treatment is made.” Harrington v. Coastal Constr. & Eng’g, 96-681 (La.App. 3 Cir. 12/11/96), 685 So.2d 457, 459, writ denied, 97-0109 (La.3/7/97); 689 So.2d 1375 (emphasis in original). The workers’ compensation judge has great discretion in the award of attorney fees and penalties, and the exercise of such discretion will not be disturbed on appeal unless clearly wrong. Alix v. E-Z Serve Corp., 03-24 (La.App. 5 Cir. 4/29/03), 846 So.2d 156, 160.
After trial, the workers’ compensation judge found that Marques failed to authorize and failed to reasonably controvert Mr. Lopez’s entitlement to psychiatric treatment recommended by Mr. Lopez’s treating physician on three separate occasions. Our review of the record reveals that at the time of denial, Marques did not have sufficient factual and medical information to warrant refusal of psychiatric evaluation and/or treatment.
Beginning in March of 2008, Dr. Michael Chambers, who was Mr. Lopez’s treating *1139 physician, requested a psychological evaluation of Mr. Lopez because Mr. |nLopez was experiencing depression secondary to his injuries, pain and “mounting bills.” In May of 2008, Dr. Chambers requested a psychological consult because Mr. Lopez was experiencing depression because of his injuries and unemployment. In September of 2009, Dr. Chambers again requested a psychological consult because of Mr. Lopez’s “severe depression.” At trial, Dr. Chambers stated that he was very concerned for Mr. Lopez’s well-being due to Mr. Lopez’s depression. Marques failed to present competent medical advice to justify its decision to deny medical treatment to Mr. Lopez.
Thus, we find no error in the workers’ compensation judge’s conclusion that Marques is liable for the payment of penalties and attorney fees for its failure to authorize the medical treatment requested by Mr. Lopez’s treating physician. This assignment of error lacks merit.
In its final assignment of error, Marques contends that the trial court erred in finding claimant was entitled to supplemental earnings benefits as claimant did not show a loss of wages caused by any disability resulting from the accident at issue.
La. R.S. 23:1221(3)(a) provides for supplemental earnings benefits:
(i) For injury resulting in the employee’s inability to earn wages equal to ninety percent or more of wages at time of injury, supplemental earnings benefits, payable monthly, equal to sixty-six and two-thirds percent of the difference between the average monthly wages at time of injury and average monthly wages earned ... in any month thereafter in any employment or self-employment, whether or not the same or a similar occupation ... and whether or not an occupation for which the employee at the time of the injury was particularly fitted ..., such comparison to be made on a monthly basis. Average monthly wages shall be computed by multiplying his wages by fifty-two and then dividing the product by twelve.
(ii) When the employee is entitled to monthly supplemental earnings benefits pursuant to this Subsection, but is not receiving any income from employment or self-employment and the employer has not established earning capacity pursuant to R.S. 23:1226, payments of supplemental earning benefits shall be made in the manner provided |12for in R.S. 23:1201(A)(1).[6]
In order to recover supplemental earnings benefits (SEBs), an employee must first prove by a preponderance of the evidence that he cannot earn wages equal to 90% or more of the wages that he earned prior to the accident. Daigle v. Sherwin-Williams Co., 545 So.2d 1005 (La.1989); Peveto v. WHC Contractors, 93-1402 (La.1/14/94); 630 So.2d 689. Once the employee establishes this factor, he is entitled to SEBs, calculated according to a formula relating to his pre-injury wages and the wages that he can earn in any employment or self-employment after the injury. La. R.S. 23:1221(3)(a); Allen v. City of Shreveport, 618 So.2d 386 (La.1993). After he has *1140 satisfied his burden, the burden shifts to the employer to establish that he is earning less than he is able to earn, by showing that the employee is physically able to perform a certain higher paying job, and that it offered him employment that was available to him in a reasonable geographic location. La. R.S. 23:1221(3)(c)(i); Allen, 618 So.2d 386.
Mr. Lopez has not returned to work since his injury in April of 2007. When the employee cannot work or earns less than he is able to earn because of a job-related disability, the employer must establish his earning capacity. Pinkins v. Cardinal Wholesale Supply Inc., 619 So.2d 52 (La.1993). Marques has not facilitated a functional capacity evaluation of Mr. Lopez and failed to present any evidence relating to Mr. Lopez’s employability. Because Marques did not meet the burden that La. R.S. 23:1221(3)(e)(i) imposes, we must affirm the workers’ compensation judge’s award of SEBs to Mr. Lopez based upon a zero earnings | ^calculation. See, Crowson v. L & D Cmty. Care, 02-74 (La.App. 3 Cir. 5/8/02), 817 So.2d 479, 482-83.

Conclusion

For the foregoing reasons, we find no merit in Marques’s arguments on appeal. We affirm the workers’ compensation judge’s rulings in their entirety. All costs of this appeal are assessed against Marques.

AFFIRMED

. Mr. Lopez received workers’ compensation indemnity benefits until September 3, 2010.

. La. R.S. 13:4231; La. C.C.P. art. 425; Avenue Plaza, L.L.C. v. Falgoust, 96-0173 (La.7/02/96), 676 So.2d 1077, 1079.

. In 1988, by Acts No. 938, § 2, effective January 1, 1990, the Louisiana Legislature enacted La. R.S. 23:1310.8 regarding the OWC’s continuing jurisdiction over a workers' compensation case and governing modifications. La. R.S. 23:1310.8(B) provides:
Upon the application of any party in interest, on the ground of a change in conditions, the workers' compensation judge may, after a contradictory hearing, review any award, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in the Workers' Compensation Act, and shall state his conclusions of fact and rulings of law, and the director shall immediately send to the parties a copy of the award.

. The referral forms were dated March 12, 2008; May 8, 2008; and September 17, 2009.

. A final judgment is one that determines issues involved on the merits of the case, and it need not dispose of all the issues between the parties. La. C.C.P. art. 1841; Martin v. Elmwood Med. Ctr., 97-826 (La.App. 5 Cir. 1/27/98), 707 So.2d 1287, 1290-91.

. La. R.S. 23:1201 (A)(1) reads:
Payments of compensation under this Chapter shall be paid as near as may be possible, at the same time and place as wages were payable to the employee before the accident; however, when the employee is not living at the place where the wages were paid, or is absent therefrom, such payments shall be made by mail, upon the employee giving to the employer a sufficient mailing address. However, a longer interval, not to exceed one month, may be substituted by agreement without approval of the director. An interval of more than one month must be approved by the director.